### J. G. WHITE & CO. v. BALL ENGINEERING CO.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 214.

1. APPEAL AND ERROR &1017—REVIEW—ACTION TRIED BY REFEREE.

Where an action at law is tried by a referee, the only question reviewable by an appellate court is whether the findings of fact support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3911, 3961, 3996–4005; Dec. Dig. &1017.]

2. TROVER AND CONVERSION &16— TITLE TO SUPPORT ACTION—PROPERTY PREVIOUSLY APPROPRIATED BY UNITED STATES.

A contract for the construction of a public work gave the United States in case of its annulment the right to take over and retain all material, tools, etc., in use in the prosecution of the work at a valuation to be determined by the engineer in charge. Assuming to act under such provision, the government took possession of machinery and tools owned by plaintiff, which was not the contractor, crediting their value as fixed by the engineer to the contractor. It afterward leased the same to defendant, which was the succeeding contractor. Held that, although the United States had no right under the contract to take the property of a third person, it had the power as sovereign to appropriate the same subject to the obligation to pay its value to the owner, and that, having taken the property and leased it to defendant, the latter could not be held liable to plaintiff for its conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 119–147; Dec. Dig. &16.]

In Error to the District Court of the United States for the District of Connecticut.

For opinion below, see 212 Fed. 1009.

H. W. Reynolds, of Hartford, Conn., J. K. Bartlett, of Baltimore, Md., Lewis Sperry, of Hartford, Conn., and Stuart S. Janney, of Baltimore, Md., for plaintiff in error.

W. M. Parke, of New York City, and C. D. Lockwood, of Stamford, Conn., Thomas L. Hughes, of New York City, and S. L. Swarts, of St. Louis, Mo., for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. [1] This is a writ of error to a judgment in favor of the plaintiff for damages for conversion by the defendant of certain personal property specified in the complaint used by defendant in constructing Lock and Dam No. 6 on the Trinity river, Tex. The trial was before a referee, called in Connecticut a "committee," and therefore the only question before us for consideration is whether his findings of fact sustain the judgment. We can look only at the pleadings, order of reference, findings of fact, conclusions of law, and judgment of the court. We cannot consider the testimony, the exhibits (except so far as included in the findings of fact), or the refusals of the committee to find. Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573, 32 L. Ed. 989; David Lupton's Sons Co. v. Automobile Club, 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914B, 699; Edenborn v. Sim, 206 Fed. 275, 124 C. C. A. 339.

[2] What seems to us to be the material facts found by the committee were substantially as follows:

July 10, 1906, the Hubbard Building & Realty Company entered into a written agreement with the United States to construct Lock and Dam No. 6 on the Trinity river, Tex.

Some time in the year 1908 a partnership composed of George A. Carden and P. D. C. Ball, trading under the name of the Ball-Carden Company, placed on the site of the lock and dam a considerable amount of property consisting of machinery, tools, and materials and used the same in constructing the lock and dam until the month of May, 1909.

In April or May, 1909, the partnership was dissolved, Carden transferring all his interest to Ball, who continued the work under the name of Ball Engineering Company until on or about September 8, 1909.

September 9, 1909, work on the lock and dam was discontinued, and October 22d the government, in accordance with its provisions, annulled the contract with the Hubbard Company.

April 2, 1910, the plaintiff, Ball Engineering Company, was incorporated under the laws of Missouri, and P. D. C. Ball transferred to it all of the property mentioned in the complaint.

June 6, 1910, the government entered into a written contract with the defendant, J. G. White Company, Inc., to complete the work.

The government took the property belonging to the plaintiff at a value of $11,578 fixed by the engineer and credited the amount in ac-

count of the Hubbard Company. It professed to act under section 33 of the contract with the Hubbard Company, which reads:

"Annulment.—In case of the annulment of this contract as conditionally provided for in the form of contract adopted and in use by the Engineering Department of the Army, the United States shall have the right to take possession of, wherever they may be, and to retain all materials, tools, buildings, tramways, cars, etc., or any part or parts of same, prepared for use or in use in the prosecution of the work, together with any or all leases, rights of way or quarry privileges, under purchase, at a valuation to be determined by the engineer officer in charge."

This property the government leased to the defendant, who used the same in completing the work and after completion returned all of it to the government except such material as had been used in construction.

As a conclusion of law, the committee found the defendant had as of July 6, 1910, unlawfully converted the property of the plaintiff mentioned in the complaint of the fair market value of $15,000, for which sum with interest at 6 per cent. from that date the plaintiff was entitled to judgment.

The district judge entered judgment in accordance with the report of the committee, and the defendant has taken this writ of error from the same.

We think the committee and the court below correctly held that the government had no right to take the property of the plaintiff, a third party, by virtue of anything contained in its contract with the Hubbard Company. All the same it did take the property with knowledge that it was claimed by the plaintiff and used it in the construction of this public work. It was as sovereign entirely competent to do this subject to the obligation of making just compensation, as required by the fifth amendment to the Constitution. It made no proprietary claim, and therefore was bound to pay the real owner for the property, whether the taking was tortious or not. It fully recognized this obligation by crediting the Hubbard Company with the value. The fact that it recognized the wrong person as owner and erroneously relied upon the contract with the Hubbard Company, by which the plaintiff was not bound, in no respect changed the material fact that it had taken the property and acquired title thereto. The defendant in its answer justified by virtue of title in the United States which was the material consideration, although it followed the erroneous theory that the government was justified in acting as against the plaintiff under the contract with the Hubbard Company. The plaintiff also relies upon a provision in the contract between the defendant and the government to the effect that:

"If so requested in writing by the contractor, the United States will exercise the right conferred by paragraph 33 of the specifications forming part of the annulled contract with the Hubbard Building & Realty Company, to take possession of and retain all materials, tools, buildings, tramways, cars, etc., or any part or parts of the same prepared for use or in use in the prosecution of the work at a valuation to be determined by the engineer officer in charge, and the contractor for the completion of the work will be permitted to use such plant and material in the prosecution of the work, for which he will be charged a fair rental or purchase value, to be determined by the engineer officer in charge. It must, however, be clearly understood that since the ownership of the above-mentioned plant and materials is not free

from doubt, the United States does not undertake to transfer title, does not guarantee peaceable possession and uninterrupted use, and will not defend any action or writ that may be instituted against the contractor concerning the same, nor be responsible for nor assume any expenses or costs in connection therewith. Nothing that may result from the exercise of the abovementioned right shall be made the basis of a claim against the United States or its officers or agents."

We regard this provision as quite immaterial. The defendant is making no claim against the government, and the plaintiff is no more concerned with this contract than it was with the contract between the government and the Hubbard Company.

We have considered this general subject in United States v. Buffalo-Pitts Co., 193 Fed. 905, 114 C. C. A. 119, affirmed 234 U. S. 228, 34 Sup. Ct. 840, 58 L. Ed. 1290. In accordance with that decision, we think that the government took title to the property in question and leased it to the defendant, who in using it was not guilty of any conversion.

The judgment is reversed.