## DELAWARE, L. & W. R. CO. v. CABONI.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 205.

1. COURTS ⬤⟿406—REVIEW—ACTION TRIED BEFORE REFEREE.
   Where an action at law was by stipulation tried before a referee, the only question reviewable by an appellate court is whether the conclusions of law are supported by the findings of fact.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. ⬤⟿406; Appeal and Error, Cent. Dig. §§ 3385, 3387–3391, 3393.]

2. MASTER AND SERVANT ⬤⟿137—MASTER'S LIABILITY FOR INJURY TO SERVANT —NEGLIGENCE OF TRAIN ENGINEER.
   A train engineer *held* not chargeable with negligence for failing to give proper warning of his approach to a gang of track workmen, where he blew the whistle when half a mile distant.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. ⬤⟿137.]

3. MASTER AND SERVANT ⬤⟿137—MASTER'S LIABILITY FOR INJURY TO SERVANT —FAILURE TO MAINTAIN LOOKOUT FOR TRACK WORKMEN.
   A finding that a railroad company was negligent in failing to station a watchman or lookout to give warning of the approach of trains to laborers working on the track *held* supported by findings of fact that there were some 30 or 40 workmen in different gangs, and that when at work some of them could not well see approaching trains.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. ⬤⟿137.]

In Error to the District Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment in favor of defendant in error who was plaintiff below. The action was brought to recover damages for the death of Salvatore Orsini, who was killed by being run over by a train on defendant's railroad. The action was brought under the federal Employers' Act of 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]).

E. Hollister and Rogers, Locke & Babcock, all of Buffalo, N. Y., for plaintiff in error.

Lanza & Miceli, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. [1] This cause was tried before a referee; the only questions open to us are whether the conclusions of law are supported by the findings of fact. We cannot pass upon alleged errors in finding or in refusing to find; nor can we supplement the findings by reference to the testimony. Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96; Andes v. Slauson, 130 U. S. 435,

9 Sup. Ct. 573, 32 L. Ed. 989; David Lupton's Sons Co. v. Automobile Co., 225 U. S. 489, 32 Sup. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699; Edenborn v. Sim, 206 Fed. 275, 124 C. C. A. 339.

The findings are inartificially drawn, conclusions of law being in some instances embodied in what purport to be findings of fact. Redistributing them the facts are as follows:

Plaintiff's intestate was a track laborer in the employ of defendant, working with a pick, loosening dirt between the ties of the westbound track of defendant's railroad near Owego station; five other workmen were engaged in the same gang at that place. He was struck by a west-bound work train of defendant, receiving injuries from which he died. The work in which he was engaged was of a nature which required him to work in a bent and inclined position. The defendant had not stationed near these six workmen any person to be on the lookout and to give them warning of the approach of trains. The train in question consisted of an engine, 15 ballast cars, and a caboose; the engine was at the westerly end of the string of cars, runing backwards, with its tender first, drawing the cars behind it. The engine whistle was blown half a mile from the place of the accident, and the train was in plain sight from that point up to the point where the accident occurred. After the engine whistled and while it was approaching the track gangs, the foreman and two assistant foremen blew their hand whistles as notice to all of the men to keep clear of both tracks while the train passed.

There is no finding as to how many gangs there were, nor as to the location of defendant's gang relatively to the others.

It is further found that deceased must have heard the engine whistle blow one-half mile away.

As conclusions of law from these facts it was found that:

(1) The engineer was negligent in not giving proper and sufficient warning of the approach of the train.

(2) That defendant was negligent in not stationing near deceased's gang any person to be on the lookout and to give them warning of the approach of trains.

(3) That deceased should have exercised more care when he heard the engine whistle blow, and that he thus contributed somewhat to the accident.

(4) That plaintiff is entitled to judgment for $2,500.

The third conclusion is clearly supported by the findings. There is no finding as to the speed of the train; certainly, if it had been going at any unusual or extraordinary speed, some such finding would have been made. Moreover, even if it were going at the speed of 60 miles an hour—a most unreasonable hypothesis in the absence of any proof in its support—the deceased had 30 seconds after the whistle blew to take care of himself; two or three steps would have put him in a place of safety.

[2] The first conclusion is not supported by the findings. The engine whistle, indicating the approach of this work train, was blown a half mile off from the place where the deceased was working; it gave him ample warning to protect himself if he heard and heeded

it. The conclusion that the engineer was negligent is not warranted by the findings.

[3] As to the second conclusion we think that reasonable prudence required the stationing of some one to look out for the approach of trains and to warn the workmen when such approach was seen. The men were in a position where, some of them at least, could not see an approaching train; they were engrossed in their occupation, and conditions of wind and weather might be expected to prevent the engine whistle from attracting their attention. Since it is found as a fact that no one was so stationed to look out for and warn this body of workmen—there were some 30 or 40 of them in the different gangs—we are satisfied that the second conclusion was a proper one.

The fourth conclusion naturally follows as an inference from the second and third; $2,500 is a very moderate award for the death of Orsini, even though his own negligence contributed.

Judgment affirmed.