JOHNSON et al. v. JARVIS.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1915.)

No. 1291.

1. EVIDENCE ☞383—ANCIENT DOCUMENTS—RECITALS—INFERENCES.

In a suit to remove a cloud from plaintiff's title, it was shown that the land was conveyed to H. and P. in 1798. The only proof of title out of them consisted of a deed executed by M. in 1835, and reciting that he was acting as attorney in fact for G., who was trustee and attorney in fact for the heirs of P. No authority from the heirs of P. to G., nor from G. to M., was produced, and no conveyance of H.'s half interest was shown; but there had been entry and continuous possession of the land embraced in the deed by successive grantees, and the records of the county where the powers of attorney and deed were said to be recorded had been burned. Held, that the recitals of the ancient deed, in connection with the testimony as to exclusive claim and possession and the destruction of the records, justified inferences that the heirs of P. had acquired the interest of H., and that G. was duly empowered to execute the deed, since, while recitals in a deed introduced by plaintiff are not binding on a defendant claiming under an adverse title, recitals in ancient deeds and acts done under them are admissible against all parties, and may form the basis of any reasonable inference to be drawn from them.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. ☞383.]

2. TAXATION ☞848—FAILURE TO RETURN LAND—FORFEITURES—BURDEN OF PROOF.

In a suit to remove a cloud from plaintiff's title, defendant, who claimed that plaintiff had lost his title by forfeiture to the state for failure to return the land for taxes, had the burden of making clear proof of such loss of the land, as forfeitures are not favored.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1664; Dec. Dig. ☞848.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TAXATION ⬦⟹848—FAILURE TO RETURN LAND—FORFEITURES—SUFFICIENCY
    OF RETURN.
        That the aggregate tax returns by an owner of land could not be made
    to correspond accurately with the land conveyed to him did not result in
    a forfeiture as for a failure to return the land for taxes, where there
    was an approximate correspondence, especially where the returns were
    made at a time when lands were of little value, and the inhabitants
    were careless in their dealings with land and business affairs generally.
        [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1664; Dec. Dig.
    ⬦⟹848.]

Appeal from the District Court of the United States for the North-
ern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Action by Claude S. Jarvis against Robert Johnson and another.
From a judgment for plaintiff (208 Fed. 353), defendants appeal. Af-
firmed.

E. D. Talbott, of Elkins, W. Va., and C. M. Murphy, of Philippi,
W. Va. (B. M. Hoover, of Elkins, W. Va., on the brief), for appel-
lants.

W. B. Maxwell, of Elkins, W. Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In this suit to have defendants' claims
to a tract of land known as lot 56 adjudged invalid as a cloud on the
plaintiff's title, the District Court granted the relief asked for. Care-
ful consideration of the record, in the light of the argument of coun-
sel, leads to the affirmance of the judgment on the reasoning of the
District Judge. There are two points, however, to which it may be
well to make special reference. The plaintiff claims under a grant
from the state to Claiborne made in 1797. The defendants claim
under a grant from the state made in 1850. The junior grant over-
laps the senior by 64.35 acres claimed by the defendant Harris and
126.45 acres claimed by the defendant Johnson, and this is the land
in controversy.

[1] 1. The defendants insist that the plaintiff failed to establish
one link of his chain of title under the Claiborne grant. This land,
with other lands, in all 52,000 acres, was conveyed by Claiborne to
John Hopkins and George Pickett, July 5, 1798. The plaintiff could
show no better proof of title out of Pickett and Hopkins than a deed
dated April 18, 1835, purporting to convey the entire fee in 4,000
acres, including the land in dispute, signed "Thomas Green, by His
Attorney in Fact, William McCoy," and containing these recitals:

    "This indenture made this 18th day of April, in the year eighteen and
thirty-five, between William McCoy, who acts in this transaction as attorney
in fact for Thomas Greene who is granted trustee attorney in fact for the
heirs of George Pickett now deceased last of the city of Richmond, in the
state of Virginia, of the one part and Israel Baldwin of Preston County, in
said state of Virginia of the other part.
    "Witnesseth, That the said McCoy acting as above named and being there-
unto authorized by certain deeds powers of attorney, and as will more fully
appear being recorded in the office of the Clerk of the County Court in the
County of Preston aforesaid, hereby for a valuable and full compensation
to him." etc.

No authority from the heirs of Pickett to Thomas Green, nor from Green to McCoy, was produced, and no deed was produced conveying the one-half interest of Hopkins. There was evidence, however, that there had been entry and continuous possession of lands embraced in the deed by successive grantees to the present time, and that the records of the county of Preston where the lacking powers of attorney and deed were said to be recorded had been burned in 1869.

True, the general rule is that recitals in a deed introduced by the plaintiff are not binding on a defendant claiming under an adverse title. Rowland Co. v. Barrett, 70 W. Va. 703, 75 S. E. 57. But recitals in ancient deeds and acts done under them are admissible against all parties, and may form the basis of any reasonable inference to be drawn from them. Carver v. Jackson, 4 Pet. 1, 7 L. Ed. 761; Crane v. Morris, 6 Pet. 598, 8 L. Ed. 514; Deery v. Cray, 5 Wall. 795, 18 L. Ed. 653; Fulkerson v. Holmes, 117 U. S. 389, 6 Sup. Ct. 780, 29 L. Ed. 915; 1 Elliott on Evidence, 428; 1 Greenleaf, 46. The recitals of this ancient deed, the fact that it purported to convey the entire fee, the testimony as to exclusive claim and possession of grantees under it, and the destruction of the records, taken together, was evidence from which the trial judge might legitimately draw the inferences that Pickett's heirs had acquired the interest of Hopkins, and that Thomas Green had been duly empowered to execute the deed and convey the entire estate. This is on the principle that it is exceedingly improbable that the Hopkins heirs would have remained inactive so long if they had any interest in the extensive domain conveyed, or that Pickett's heirs would not have repudiated the deed if Green was without authority to convey for them.

[2, 3] 2. The contention that the title under which plaintiff claims was lost by forfeiture to the state for failure to return the land for taxes was strongly presented. But forfeitures are not favored, and the burden was on the defendant to make clear proof of the loss of the land in this way. It may be true that the aggregate tax returns in the name of the owner and of his predecessor in title cannot be made to correspond certainly or accurately with the land conveyed. But there is a general correspondence, and courts would do great injustice if they required anything more than approximate correspondence in tax returns and conveyances, especially at a time when lands were of little value and the inhabitants careless in their dealings with land and business affairs generally.

Affirmed.