## MEMORANDUM DECISIONS.

BALL ENGINEERING CO. v. J. G. WHITE & CO. (Circuit Court of Appeals, Second Circuit. April 17, 1917.) No. 209. In Error to the District Court of the United States for the District of Connecticut. Cummings & Lockwood, of Stamford, Conn. (Charles D. Lockwood, of Stamford, Conn., S. L. Swarts, of St. Louis, Mo., and William M. Parke, of New York City, of counsel), for plaintiff in error. J. Kemp Bartlett, of Baltimore, Md., and Lewis Sperry and Harry W. Reynolds, both of Hartford, Conn., for defendant in error. William C. Herron, Huston Thompson, Asst. Atty. Gen., and Thomas J. Spellacy, U. S. Atty., of Hartford, Conn., amici curiæ. Before WARD, ROGERS, and HOUGH, Circuit Judges. See, also, 212 Fed. 1009.

PER CURIAM. Having examined the record presented by this writ, we are of opinion that it differs in no material fact from that considered in 223 Fed. 618, —— C. C. A. ——. Therefore the decision then made is binding, the issues have been adjudicated, and the judgment below is affirmed, with costs.

---

CENTRAL NAT. BANK OF BATTLE CREEK, MICH., v. INTERSTATE TRUST & BANKING CO. (Circuit Court of Appeals. Fifth Circuit. April 26, 1917.) No. 2992. In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge. Action by the Central National Bank of Battle Creek, Mich., against the Interstate Trust & Banking Company. Judgment for defendant, and plaintiff brings error. Affirmed. Edwin T. Merrick and Ralph J. Schwarz, both of New Orleans, La., for plaintiff in error. Robert H. Marr, of New Orleans, La., for defendant in error. Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. The plaintiff in error brought suit against the Interstate Trust & Banking Company to recover $5,000, with 8 per cent. per annum interest from November 23, 1910. It sets up two distinct conflicting causes of action. The first contention is that the Interstate Trust & Banking Company, having sold to it a certain promissory note which had attached to it bad collateral, is bound as a warrantor. The other contention is that in the transaction for the matter of sale and purchase of the said promissory note the Interstate Trust & Banking Company acted as a broker, and that, owing to the gross and negligent manner in which it discharged its duties as broker, it added to and provoked the injury resulting to the plaintiff. The plaintiff set up in its answer that in the transaction recited it acted as broker for a disclosed principal, and that it exercised due care in the discharge of that duty. At the close of the evidence, both plaintiff and defendant moved the court to direct a verdict; the plaintiff at the same time submitting special charges to be given in the event that its motion to direct was refused. The trial judge granted the motion of the defendant, and directed a verdict in its favor. We have carefully read the evidence submitted in the case, and conclude, as did the trial judge, that the evidence not only warranted, but required, a verdict for the defendant, and that the plaintiff's motion to direct a verdict in its favor was properly refused, as were the special charges requested. The judgment of the District Court is affirmed.