## ARONSTAM v. ALL-RUSSIAN CENTRAL UNION OF CONSUMERS' SOCIETIES, Inc.

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 93.

1. **Appeal and error ⬤⇒989, 1022 (1)—Findings of referee held conclusive; only testimony in findings of referee considered.**

On appeal from a judgment entered on report of a referee, approved by the trial court, the referee's findings of fact are conclusive, and the court cannot consider the testimony or exhibits, except in so far as included therein.

2. **Attorney and client ⬤⇒133—Attorney cannot recover, without contract, from recipient of benefits from services.**

One who had received benefits from services rendered by an attorney to his clients, but who had no contract for employment of the attorney, and made no request for the services, is not liable for the reasonable value of such services on quasi contract, which applies only to prevent unjust enrichment of one party at the expense of another.

3. **Appeal and error ⬤⇒977 (5)—Refusal of new trial cannot be reviewed.**

The Circuit Court of Appeals cannot review the correctness of the refusal of the court below to grant a new trial.

4. **Stipulations ⬤⇒13—Court may relieve party for inadvertence.**

If injustice was done a party, because of the limitation of his proofs by a stipulation made during the progress of the trial, the court has the power to, and will, relieve the parties therefrom.

5. **Stipulations ⬤⇒13—Party held not entitled to relief from stipulation.**

In an action by an attorney for compensation, where he made in his pleadings no claim of express or implied contract for services prior to a stated date, a stipulation limiting the proof to services rendered subsequent to that date will not be set aside, after the referee found no contract for services was made, to enable the attorney to offer proof of services before that date.

In Error to the District Court of the United States for the Southern District of New York.

Action by Charles S. Aronstam against the All-Russian Central Union of Consumers' Societies, Incorporated. Judgment for defendant, and plaintiff brings error. Affirmed.

McAdoo, Cotton & Franklin, and Charles S. Aronstam, all of New York City (William G. McAdoo, E. J. Myers, and Julius Weiss, all of New York City, of counsel), for plaintiff in error.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and John W. Simpson, 2d, both of New York City, of counsel), for defendant in error.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error is an attorney at law engaged in practicing his profession in the city of New York. The efficient services which he performed in the companion cases, which grew out of his negotiations with the government, in behalf of the Union of Siberian Co-operative Unions, Incorporated, and the Union of Siberian Creamery Associations, make a record of fidelity. The services rendered were unique and unusual, and secured for clients whom he represented contracts with the federal government, in very considerable sums, for the purchase of materials. He was obliged to sue to recover his compensation. While engaged in representing the two societies above named, it is his claim in this action that he performed services for the defendant in error, and that he is entitled to payment, either under an expressed contract of retainer or by an implied promise to pay; the defendant in error having accepted beneficial services from him. After issue was joined by service of an answer, a motion was made by the defendant in error for the appointment of a referee to hear and determine the issues. This was granted. The trial proceeded before the referee appointed, and he has submitted his findings of fact and conclusions, together with his opinion. The plaintiff in error succeeded in the actions against the other two organizations and this was affirmed in this court. Union of Siberian Co-operative Unions v. Aronstam and Union of Siberian Creamery Associations v. Aronstam, 265 Fed. 1022. The referee found against the plaintiff in error in this claim, and so reported. During the progress of the trial, a stipulation was entered into reading as follows:

"It is stipulated and agreed by and between the respective parties hereto that the plaintiff rests, as to the issue of employment, upon the testimony adduced at this hearing, and the defendant shall proceed to adduce the testimony in regard to the issue of employment, and the plaintiff may thereupon rebut it by further evidence; that the question of employment shall then be determined by the referee; that, if the referee finds there was no employment, the complaint shall be dismissed; that, if the referee determines there was employment, he shall determine as to whether the services are limited to the services rendered after June 2, 1919, and, if he finds affirmatively on that issue, he shall award the compensation therefor, or require the parties to give proof in regard to that question; that, if the referee determines that the plaintiff is entitled to recover for all the services rendered by him in connection with this transaction prior to and subsequent to June 2d, he may consider the entire record in evidence in the former case."

Later the following amendment to such stipulation was made:

"Mr. Thacher: In reading the record I find that admirable stipulation that Mr. Myers drew, and which seems to me to cover the situation exactly, might perhaps be improved by a single correction at the last part of it, which reads: 'That, if the referee determines the plaintiff is entitled to recover for all the services rendered by him in connection with this transaction prior to and subsequent to June 2d, he may consider the entire record in evidence in the former case.' I suggest that that be made to read: 'He may, in determining the value of the plaintiff's services, consider the entire record in evidence in the former case.'

"Mr. Myers: No objection, sir."

Prior to the confirmation, on application made on behalf of the plaintiff in error, the referee made a certificate as follows:

"Do hereby certify that the evidence considered by the referee in determining the issues and in rendering the report and opinion herein consists of the testimony reported in the stenographer's minutes of the proceedings had before said referee in the above-entitled action, filed in the office of the clerk of this court on January 19, 1920, and of the exhibits therein referred to, together with the testimony of the witness Harold Allen, appearing on pages 256 to 303 of the stenographer's minutes of the trial before said referee of the action entitled 'Charles S. Aronstam, Plaintiff, against Union of Siberian Co-operative Unions, Inc., Defendant'; said testimony having been heretofore filed in the office of the clerk of this court with the report and decision of the referee in that case. The evidence thus considered by the referee in determining the issues and in rendering the report and opinion herein comprises all of the proofs adduced by either party on the question of employment pursuant to the stipulation which appears on pages 75, 76, and 78 of the stenographer's minutes of the proceedings had before said referee in this action."

And before the confirmation of the report of the referee the plaintiff in error obtained an order to show cause, which asked the following relief:

"Why the report of the referee in this action, together with his findings of fact and conclusions of law, should not be set aside and a new trial awarded to the plaintiff, and for such other and further relief as may be just in the premises."

The District Judge denied this application, and, in so doing, in effect denied the plaintiff in error's application to be relieved of the stipulation which was entered into on the trial. The plaintiff in error sought to have the referee either consider the proofs in the two actions above referred to, or permit the plaintiff in error to submit anew in this action the proofs as to work done and services performed prior to June 2d. The District Court thereupon, and on these findings of fact, rendered a judgment in favor of the defendant in error, dismissing the complaint. The errors assigned and argued are as follows:

"(1) The referee erred in not determining that, by necessary implication of law upon the facts found, the defendant, having accepted and enjoyed the benefits of the plaintiff's services, was obligated to pay reasonable compensation therefor.

"(2) The referee erred in not holding that there was an express contract to pay the plaintiff for services rendered by him.

"(3) The district court erred in denying the plaintiff's motion to be relieved from stipulation and for a new trial."

Our limitations in reviewing the findings of fact are fatal to the plaintiff in error's writ. The referee found as a fact that while the defendant in error, through its own representatives, was negotiating for purchases similar to the purchases made by the Union of Siberian Co-operative Unions and the Union of Siberian Creamery Associations, the plaintiff in error did not perform any act in connection with any negotiations on behalf of the defendant in error at its request, and that all the services rendered by him in connection with these government sales were in reliance upon his retainer with the two corporations above named.

At the request of the defendant in error, the referee found that the defendant in error—

"did not on June 2, 1919, either expressly or impliedly, ratify, or confirm any acts of the plaintiff, or expressly or impliedly authorize or request the plaintiff then or thereafter to perform any services on behalf of the defendant."

And further that the defendant—

"did not on June 3, 1919, or at any time thereafter, accept any service of the plaintiff in connection with its negotiations for a contract with the United States of America, or agree, expressly or impliedly, to pay for the same."

And further the defendant—

"did not on June 5, 1919, or at any time thereafter, accept any services of the plaintiff in connection with its negotiations for a contract with the United States of America, or agree, expressly or impliedly, to pay for the same."

And the referee further found that—

"While the plaintiff''s services in behalf of his clients operated to benefit the defendant, the defendant did not on June 2, 1919, theretofore or thereafter, ratify or confirm any past acts of the plaintiff, or authorize or request the plaintiff then or thereafter to perform any services on behalf of the defendant."

[1] With these findings of fact thus presented to us, the only questions open to us are whether the conclusions of law are supported by the findings of fact. D., L. & W. R. v. Caboni, 223 Fed. 631, 139 C. C. A. 177. As it was said in Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. 393, 31 L. Ed. 334:

"The only questions open to review here are whether there was any error of law in the judgment rendered by the Circuit Court upon the facts found by the referee. The judgment having been entered 'pursuant to the report of the referee,' the facts found by him are conclusive in this court."

This court said in J. G. White v. Ball Eng. Co., 223 Fed. 618, 139 C. C. A. 286, where a trial was had before a referee:

"We can look only at the pleadings, order of reference, findings of fact, conclusions of law, and judgment of the court. We cannot consider the testimony, the exhibits (except so far as included in the findings of fact), or the refusals of the committee to find."

These are controlling authorities, and we must therefore hold that the plaintiff in error had neither an expressed contract of retainer nor one implied in law.

[2] Nor can liability be imposed on any theory of unjust enrichment. The theory of liability imposed by quasi contract is upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. The law imposes an obligation, which it creates, in the absence of any agreement when the acts of parties have placed in the possession of one person some money or gain under such circumstances that in equity and good conscience he ought not to retain it.

"Duty, and not a promise or agreement or intention of the person sought to be charged, defines it. It is fictitiously deemed contractual, in order to fit the course of action to the contractual remedy." Miller v. Schloss, 218 N. Y. 407, 113 N. E. 339.

The law has imposed liability upon a party who has not really entered into any contract at all with another, but, in such cases, there must be

circumstances which make it just that one should have a right and the other should be subject to a liability similar to the rights and liabilities in cases of express contract. Cases of this character are where one obtains money or gain from another through the medium of oppression, imposition, or deceit, or the commission of a trespass, and such money may be recovered, for the law implies a promise from the wrongdoer to restore it to the original owner. This may have been entirely the very opposite of his intention. In view of the findings of the referee, there can be no recovery upon the theory of quasi contract.

[3] The application made before the entry of judgment was for a new trial, and involved in this motion was the application to be relieved from the terms of the stipulation entered upon the minutes before the referee. We cannot review the correctness of the refusal below to grant a new trial. Wheeler v. U. S., 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244; Clement v. Wilson, 135 Fed. 749, 68 C. C. A. 387. A stipulation which is made under misapprehension, or which tends to perpetrate an injustice, a party may be relieved from, if an application is promptly made. Such a stipulation should not be used as a pitfall.

In Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, it was said at page 444, 22 Sup. Ct. 698, at page 714 (46 L. Ed. 968):

> "But while the stipulation is undoubtedly admissible in evidence it ought not to be used as a pitfall, and where the facts subsequently developed show, with respect to a particular matter, that it was inadvertently signed, we think that, upon giving notice in sufficient time to prevent prejudice to the opposite party, counsel may repudiate any fact inadvertently incorporated therein. This practice has been frequently upheld in this and other courts."

[4] If the facts here warrant the conclusion that an injustice was being done the plaintiff in error because of the existence of the stipulation and the limitations of the plaintiff in error's proofs thereby, this court has the power and would relieve the parties from the stipulation made during the progress of the trial. No injustice would be done the defendant in error if such a course were pursued, for the defendant in error would lose nothing if it was set aside and both parties restored to their former position, and the issues of the action could be tried and additional proof offered.

[5] While it is true that the referee, in his opinion, did state that the three contracts progressed together, and that this defendant in error obtained great benefit from the plaintiff in error's services, it is now thought that, by permitting evidence of what the plaintiff in error did in laboring for the other corporations prior to June 2d, it would be shown that benefits accrued to the defendant in error from such services. But the difficulty with the plaintiff in error's position is that there is no claim of express or implied contract until June 2d, and what was done prior to that time, as conceded by the plaintiff in error, was performed for the other corporations. The referee has found that no legal services were performed for the defendant in error on and subsequent to such date. Therefore it is apparent that, if the stipulation were vacated, the result would be the same.

Judgment affirmed.