**DALTON et al. v. BOWERS.**

Circuit Court of Appeals, Second Circuit.

Oct. 22, 1931.

Leon E. Spencer, of New York City, for appellant.

Herbert A. Mossler, of New York City, for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

On March 26, 1931, the plaintiffs got judgment against the defendant, an internal revenue collector, in the District Court for the Southern District of New York, in an ac-

tion to recover for moneys unlawfully collected. The defendant appealed on June 15, 1931, but was unwilling to incur further expense till he could get the permission of the Solicitor General. Under General Rule 5 of the District Court for the Southern District of New York, its terms were extended for such purposes until ninety days from the date of entry of the judgment; so that the time to file a bill of exceptions expired on June 24, 1931. Before that day the United States attorney sent a stipulation to be signed by the plaintiffs' attorneys, and already signed by him, consenting to an extension till July 14, 1931. This the plaintiffs' attorneys signed and returned, but above the signatures they wrote the words: "No further extension to be requested or granted." It may be assumed that the United States attorney in charge of the case observed the change and allowed the stipulation to be used on the same day to obtain a clerk's order of extension, permissible under the local rules. On July 10, 1931, the Solicitor General having not yet decided whether to press the appeal, the defendant got a second extension until August 15th, this time by application to a District Judge, which the plaintiffs unsuccessfully moved to vacate as in violation of the stipulation. Again on August 14, 1931, he got a third order, extending the term till September 15, 1931. Though signed on August 14th, through some oversight this order was not filed on August 15th, the last day of the extended term. The 16th was Sunday, and the order was filed and entered on the 17th. The plaintiffs again unsuccessfully moved to vacate this order, and the bill of exceptions was settled on September 14, 1931. The plaintiffs now move to strike it out, first, because the court had lost jurisdiction, owing to the failure of the defendant to file the order of August 14th on or before August 15th; and, second, because in any case the District Court should not have relieved the defendant of the condition in the stipulation.

The first objection is answered by Camden Iron Works Co. v. Sater, 223 F. 611 (C. C. A. 6), which is on all fours and which we follow. Entry is for most purposes not necessary to the validity of an order. Zadig v. Aetna Ins. Co., 42 F.(2d) 142 (C. C. A. 2). As to the second, if we have any power at all to reverse an order of the District Court relieving a party from a stipulation, we see no reason to do so in this instance. Such stipulations are not as irrevocable as other contracts, and courts will not hold the parties to

them when they are given inadvertently and are oppressive, and when the other side will suffer no unfair prejudice if they are set aside. Carnegie, etc., Co. v. Cambria, etc., Co., 185 U. S. 403, 444, 22 S. Ct. 698, 46 L. Ed. 968; Delaware, L. & W. R. Co. v. Yurkonis, 220 F. 429 (C. C. A. 2); Westinghouse, etc., Co. v. Wagner, etc., Co., 233 F. 752, 756 (C. C. A. 6); Aronstam v. All-Russian, etc., Societies, 270 F. 460, 464 (C. C. A. 2). The defendant could certainly have got the original extension without condition, had he taken the trouble to apply to the court; this is proved by the two later ones for longer periods. The plaintiffs lost nothing therefore by disregard of the condition, which was indeed unreasonable under the circumstances. Assuming that the United States attorney in charge did see and use the stipulation, there is no reason not to accept his statement that he interpreted it as no more than a declaration that the plaintiffs would oppose further extensions. The decision lay primarily in the discretion of the District Court, and we can see no such abuse of its power as would justify a reversal.

Motion denied.