Nicholas A. STAVROUDIS and Elizabeth W. Stavroudis, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 44, Docket 27559.

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1962.

Decided Nov. 8, 1962.

---

Martin M. Lore, New York City, for plaintiffs-appellants.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York (Robert Arum, Asst. U. S. Atty., of counsel), for defendant-appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

## PER CURIAM.

In an action brought under 28 U.S.C. § 1346(a) (1) to recover certain income taxes assessed against, and paid by, the plaintiffs for the year 1953, counsel for the taxpayers and the Government early entered into a stipulation. The taxpayers had made certain advances to a corporation, Renee Thornton, Inc., whose stock became worthless in 1952. The advances so made became unrecoverable in that year, and the stipulation set forth that "the only issue to be tried" would be whether the loss taxpayers so suffered "is a business bad debt or a non-business bad debt within the meaning of the Internal Revenue Code of 1939 and that if at the trial it should be found that said loss * * * constitutes a business bad debt * * * judgment is to be entered for plaintiffs." After the stipulation had been executed, but nearly four months before trial, counsel for the United States indicated in a memorandum filed with the district court at a pre-trial conference called pursuant to Rule 16, Fed.R.Civ.P. that the Government would contend at trial that the advances were capital contributions and that the losses were thus *neither* business *nor* non-business bad debts. When the action was tried the trial judge relieved the Government of its early stipulation. and submitted to the jury as an issue of fact for its determination whether the advances were capital contributions or were bona fide loans.

From a verdict and judgment for the Government the taxpayers bring this appeal, contending that the court below abused the discretion given it under Rule 16, Fed.R.Civ.P., when it relieved the Government of this early stipulation. Appellants do not show that the merits of their case were prejudiced in any way by this act of the trial court. Under these circumstances, we find no error below. Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 444, 22 S.Ct. 698, 46 L.Ed. 968 (1902); Maryland Casualty Co. v. Rickenbaker, 146 F.2d 751 (4 Cir.1944); Laird v. Air Carrier Engine Service, 263 F.2d 948 (5 Cir.1959). And see Aronstam v. All-Russian Central Union of Consumers' Societies, Inc., 270 F. 460 (2 Cir.1920).

In their reply brief on appeal appellants attempt for the first time to raise a new point premised upon a claimed inconsistency between the general verdict the jury returned and the jury's answer to a special interrogatory the trial judge submitted. We find no merit in this belated effort.

Affirmed.