Chief Judge Fuld.
The defendant was arraigned in the New York City Criminal Court upon a charge of criminally receiving stolen property. Counsel was assigned to represent him, and the trial was adjourned to a future date. The defendant, released upon his own recognizance, was immediately arrested, as he was about to leave the courtroom, by New York State Police who were present during the arraignment proceedings. They turned him over to other members of the State Police force in Suffolk County. Shortly thereafter, these officers questioned him in the absence of, and without notice to, his attorney concerning a burglary of a private home in that county and the theft therefrom of property which was also involved in the New York County receiving charge. Such interrogation, despite the defendant’s “ waiver.” of his right to counsel, was impermissible. Consequently, the confession obtained from him should not have been received in evidence. (See, e.g., People v. Donovan, 13 N Y 2d 148, 151-153; People v. Waterman, 9 N.Y 2d 561, 565-566; People v. Di Biasi, 7 N Y 2d 544, 549-551; Escobedo v. Illinois, 378 U. S. 478, 484-488, 490-492; Massiah v. United States, 377 U. S. 201, 204-206.)
Reversible error was also committed when the trial judge refused the defendant’s request to submit to the jurors the question of the voluntariness of the confession after he had, in effect, instructed. them that they need only consider and decide whether the confession was true or false. (See, e.g., People v. Rensing, 20 N Y 2d 936; People v. Huntley, 15 N Y 2d 72, 77-78; People v. Barbato, 254 N. Y. 170, 172-174; Rogers v. Richmond, 365 U. S. 534, 545-546.)
The conviction must be reversed and a new trial ordered.