**UNITED STATES of America,**
**Appellee,**

v.

**Victor Domenic CIFARELLI, Appellant.**

**No. 552, Docket 31700.**

United States Court of Appeals
Second Circuit.

Argued June 20, 1968.

Decided July 18, 1968.

Certiorari Denied Dec. 9, 1968.

See 89 S.Ct. 465.

Lawrence W. Iannotti, New Haven, Conn., for appellant.

John F. Mulcahy, Jr., Asst. U. S. Atty., Hartford, Conn. (Jon O. Newman, U. S. Atty., for the District of Connecticut, Hartford, Conn.), for appellee.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN,* District Judge.

## PER CURIAM:

Appellant was charged in a three-count indictment with transporting forged checks in violation of Title 18, U.S.C. section 2314. At the close of the Government's case, appellant's motion to strike certain testimony was denied. Appellant offered no evidence. The jury returned a verdict of guilty on each of the three counts and appellant was sentenced to seven years' imprisonment on each count to be served concurrently.

■ Appellant's major contention is that his conviction should be reversed because he was without counsel for almost one year while his appeal was pending. The unusually long delay was

---

* Of the Southern District of New York, sitting by designation.

occasioned by the suicide of appellant's trial counsel shortly after the Notice of Appeal had been filed and the subsequent necessity of declaring appellant indigent and ordering the appointment of counsel to prosecute the appeal. The delay was unfortunate, but the constitutional guarantee to a speedy trial upon which appellant relies cannot be easily transposed to an appeal. The purpose of the guarantee is to prevent long unjustified incarceration or anxiety prior to trial and to limit the possibility that the memory of witnesses may dim or evidence may be lost, thus impairing the ability of the accused to defend himself. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). On the other hand, delay in appeal is not truly prejudicial except in case of reversal. This is not such a case.

■ There is no merit to appellant's contention that the admission of certain evidence requires reversal. Evidence of other similar transactions, including criminal offenses, is admissible when, as here, its purpose is to show a common plan or scheme and intent to defraud. See United States v. Deaton, 381 F.2d 114, 117–118 (2d Cir. 1967), and cases cited therein. There is involved a question of balancing the probative value against the prejudicial character of the evidence which is for the sound discretion of the trial court. Only an abuse of this discretion—not present here—would require reversal. United States v. Deaton, supra, at 118, n. 3. The failure of the trial court to caution the jury as to the limited purposes for which the evidence of similar transactions was admitted does not amount to plain error which we should consider in view of trial counsel's failure to request limiting instructions or except to the charge. There is also no merit to appellant's contention that there was insufficient foundation for certain other documentary evidence admitted by the court below as business records.

■ Appellant's other points are equally without merit. The trial court's

instructions on "criminal intent," "knowledge" and "reasonable doubt" were adequate to apprise the jury of its obligations in these areas. There was sufficient evidence to convict appellant on all three counts. It was proper for the trial judge to consider evidence of other crimes for which appellant was neither tried nor convicted in determining sentence. United States v. Doyle, 348 F.2d 715, 721 (2d Cir. 1965). And, finally, the record does not support appellant's contention that he was denied the effective assistance of counsel. See United States v. Wright, 176 F.2d 376, 379 (2d Cir. 1949).

The judgment of conviction is affirmed.