UNITED STATES of America, Appellee,

v.

Matthew MASSIMO, Appellant.

No. 906, Docket 34789.

United States Court of Appeals, Second Circuit.

Argued July 8, 1970.

Decided Sept. 25, 1970.
Certiorari Denied Jan. 25, 1971.
See 91 S.Ct. 586.

---

Walter L. Stratton, New York City (Donovan, Leisure, Newton & Irvine, New York City, Paul A. Crotty, New York City, of counsel), for appellant.

William B. Gray, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, Jack Kaplan, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

On trial to the court, jury waived, in the United States District Court for the Southern District of New York, Constance Baker Motley, Judge, Massimo was found guilty on twenty-four counts of mail fraud and conspiracy, in violation of 18 U.S.C. §§ 1341 and 371 and sentenced to concurrent terms of five years on each count. He appeals on the grounds of erroneous admission in evidence of statements taken from him after arraignment in the absence of counsel and of inadequate representation by counsel. We find no error and affirm the judgment.

In October and November, 1966, appellant and two co-defendants applied for credit cards under fictitious names from Uni-Serve and Shell Corp. and in December, 1966 they used the cards for twenty purchases which were never paid for.

The claimed inadequacy of representation is grounded principally on the failure to attempt to suppress statements taken from appellant in the absence of counsel by inspectors on December 26, 1967 after his arraignment, on counsel's agreeing to a stipulation that an inspector, if called would testify to the statements, which admitted the underlying facts of the charge, and on the failure to seek a second psychiatric examination after a court-appointed psychiatrist, Dr. Abrahamsen, had found appellant mentally responsible.

Appellant's arguments directed at the claimed inadequacy of counsel appear to raise serious questions. Interrogation of an accused in the absence of counsel after arraignment is, of course, suspect. Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964); Mi-

randa v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We do not find in the record before us sufficient support for these claims, however. The most that can be said is that there is a possibility that counsel erred, perhaps seriously, in not pressing formal objections to the admission of Massimo's statements, and in agreeing to the stipulation which placed them before the court. The record suggests, however, another possible alternative, that this course of action was the result of a considered trial strategy by Massimo and his counsel. Massimo had a history of voluntary admissions to mental institutions and a tale of excessive intake of Doriden. Massimo also laid claim to a history of obsessive desire to damage credit card companies, particularly Uni-Serve, which had allegedly harmed him in the past.

In the face of a strong government case Massimo may well have determined early in the proceedings that his best hope lay in admission of the underlying facts and reliance on a defense of lack of mental responsibility. The government informed us at oral argument that Massimo had executed a written waiver of rights at the December 26 interview, which is not in the record before us and was not produced at trial because the question was not then raised. In these circumstances we cannot say that counsel's actions were such as to shock the conscience of the court.

It may well be that the decision to waive constitutional protections and make the statements was part of a strategic plan based on a realization that an insanity defense was the only hope for acquittal and that admission of the credit card acquisition and use was necessary to the defense. If so, the stipulation may not be any indication at all of incompetence of trial counsel. It does not require reversal here.

The attack on the failure to call a second psychiatrist also turns out to lack force since it appears from the district court record that there was indeed an examination by another psychiatrist, Dr. Banay, who had found Massimo competent, prior to the appointment of Dr. Abrahamsen on motion of Massimo's trial counsel.

Counsel on appeal also argued that trial counsel was incompetent because he did not dispute the government's statement on sentence that the total involved in the counts on which he was convicted was $15,000, an obvious exaggeration since there were twenty-four counts averaging about $30. An inspection of the minutes, however, does not bear out this claim. A total was mentioned only as to the charges run up on these credit cards, not limited to those included in the indictment. The total mentioned in the minutes of argument on sentence was given first as $50,000, then $15,000, a probable confusion of similar sounding figures. The last total is given as $15,000 and explained as the result of several hundred purchases, which would give the judge a fair picture of the extent of the activity involved.

Appellant also contends that he was prejudiced by delay in appointing appellate counsel. Sentence was imposed June 25, 1969, notice of appeal filed the same day. Trial counsel moved to be relieved and was relieved on December 16, 1969. Appellate counsel was appointed March 3, 1970. The appeal was argued July 8, 1970. The delays were unfortunate but we cannot say they amounted to a denial of due process. Compare, United States v. Cifarelli, 401 F.2d 512 (2d Cir.), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968).

On the record before us we can find no ground for reversal.[1] Judgment affirmed.

---

1. If there was any infirmity in the waiver of December 26, or in the decision to agree to the stipulation, not apparent on the record here, the facts may be developed in the district court on collateral attack.

FRIENDLY, Circuit Judge (dissenting):

The interrogation of Massimo after arraignment raises serious questions not simply with respect to the Fifth Amendment under Escobedo v. Illinois, 378 U. S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which are cited by my brother Smith, but, more importantly, with respect to the Sixth under Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Since Massimo's "criminal prosecution" had begun, the Sixth Amendment entitled him to counsel at any "critical stage," Hamilton v. Alabama, 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), which interrogation to elicit his guilt surely was, unless the protection was waived. Warnings by law enforcement officers and subsequent action by the accused that might suffice to comply with Fifth Amendment strictures against testimonial compulsion would not necessarily meet what I regard as the higher standard with respect to waiver of the right to counsel that applies when the Sixth Amendment has attached. See United States ex rel. O'Connor v. New Jersey, 405 F.2d 632, 636 (3 Cir.), cert. denied, 395 U.S. 923, 89 S.Ct. 1770, 23 L.Ed.2d 240 (1969); contra, Coughlan v. United States, 391 F.2d 371 (9 Cir.), cert. denied, 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968); United States v. De Loy, 421 F.2d 900 (5 Cir. 1970). Indeed, in the case of a federal trial there would seem to be much ground for outlawing all statements resulting from post-arraignment or indictment interrogation (as distinguished from volunteered statements) in the absence of counsel when the questioning has no objective other than to establish the guilt of the accused, even if the Sixth Amendment does not require so much. See Ricks v. United States, 118 U.S. App.D.C. 216, 334 F.2d 964 (1964).[1]

The majority does not reach this serious issue because of the stipulation. But the record about that is confused in the last degree. Defense counsel apparently was laboring under the misapprehension that Judge Weinfeld had declined to suppress Massimo's post-arraignment confession, and expressed an intention "to preserve any appellate issue that may come from the pretrial determination of the motion." A court, even on appeal, has power to relieve against a stipulation entered into through inadvertence or mistake, see Aronstam v. All-Russian Central Union of Consumers' Societies, 270 F. 460, 464 (2 Cir. 1920), without having to go the extent of finding incompetence of counsel. The case for doing this is particularly strong when the stipulation may have led to the sacrifice of a criminal defendant's constitutional rights, and the parties can so easily be restored to their prior position.

The majority recognizes, fn. 1, that the circumstances may well support collateral attack on the judgment we are affirming. I fail to see why we should remit appellant to that remedy in the case of this bench trial where we need only direct the trial judge to make further inquiry and take such action as she may find appropriate. I would vacate the conviction and remand for a further hearing with respect to the interrogation and the making of the stipulation.

1. These issues seem to be open in this Circuit. See United States v. Garcia, 377 F.2d 321 (2 Cir.), cert. denied, 389 U.S. 991, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967); United States v. Maxwell, 383 F.2d 437 (2 Cir. 1967); cert. denied, 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1968). For the strict rule applied by the New York courts, see People v. Vella, 21 N.Y.2d 249, 251, 287 N.Y.S.2d 369, 370, 234 N.E.2d 422 (1967); People v. Meyer, 11 N.Y.2d 162, 227 N.Y.S.2d 427, 182 N.E.2d 103 (1962); People v. Rodriguez, 11 N.Y.2d 279, 229 N.Y.S.2d 353, 183 N.E.2d 651 (1962).