The **UNITED STATES**

v.

**Horace Eugene REAUGH.**

**Crim. No. 022373–25.**

United States District Court, M. D. Pennsylvania.

Aug. 7, 1975.

Harry A. Nagle, Lewisburg, Pa., for United States.

Louise O. Knight, Lewisburg, Pa., for Horace Eugene Reaugh.

OPINION

MUIR, District Judge.

On July 31, 1975, a probation violation hearing was held in the above-captioned case. At the conclusion of the hearing, the Court made findings of fact from the bench. Counsel were given until August 5, 1975 to file briefs and proposed amendments or additions to the Court's findings of fact.

Reaugh has proposed the following additions to the Court's findings of fact numbered 15 and 18: (Underlining indicates the proposed amendment).

15. On April 6, 1975, the Defendant was taken into custody in the State of North Carolina by agents of the Federal Bureau of Investigation with respect to the warrant issued by this Court on February 24, 1975.

18. On July 25, 1975, Mr. Eugene Curtis, through a chance meeting with a caseworker at the United States Penitentiary, learned for the first time the Defendant was being held at the United States Penitentiary in Lewisburg in a Marshal's holdover

status and immediately thereafter he notified United States Magistrate William Hartman Askey in Williamsport, Pennsylvania, of the necessity for a preliminary hearing before the Magistrate relating to the possible revocation of Mr. Reaugh's probation.

The Court will adopt Reaugh's proposed amendments to findings of fact 15 and 18. In all other respects, the Court reaffirms and incorporates herein by reference the findings of fact made at the conclusion of the probation violation hearing on July 31, 1975.

■ This case is governed by 18 U.S.C. § 3653 which provides, in pertinent part, that "as speedily as possible after arrest [on a probation violator's warrant] the probationer shall be taken before the court for the district having jurisdiction over him." The probation being served by Reaugh was imposed by this Court on April 23, 1973. It is the Court's view that Reaugh was not brought before it "as speedily as possible after arrest". Consequently, Reaugh's probation violator's warrant will be quashed and he will be returned to probation status.

Reaugh arrived in this district on or about May 2, 1975. His presence here, however, did not come to the attention of the appropriate probation officials until July 25, 1975. Whether measured from time of arrest to time of hearing or from time of arrival in the district to time of hearing, Reaugh simply was not brought before this Court "as speedily as possible" as required by § 3653.

The Government relies upon an analogy to the right to a speedy trial. However, the analysis which must be applied here is whether or not Reaugh was given the probation violation hearing as speedily as possible under all the attendant circumstances and analogies to speedy trial do not advance that inquiry. Even so, Reaugh was subjected to all of the abuses which the right to a speedy trial is aimed at avoiding: He was subjected to undue incarceration prior to his hearing; he was made to endure anxiety and concern with respect to his uncertain status; and he was exposed to the possibility of a long delay which may have affected his ability to defend himself. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); United States v. Cifarelli, 401 F.2d 512 (2d Cir. 1968). (In fact, he may have remained "lost" at Lewisburg for an indefinite period but for the chance meeting of Probation Officer Curtis and a caseworker).

■ The instant case is also distinguishable from this Court's holding in MeGee v. Warden, 395 F.Supp. 181 (M.D.Pa.1975) in which it found that a four-month delay in a revocation hearing did not violate the standards for such hearings promulgated by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Unlike Reaugh, MeGee was given a so-called "preliminary hearing" soon after his arrest and he admitted that he had committed crimes in violation of his conditions of parole. Furthermore, in MeGee there was no need for a prophylactic holding to prevent further occurrences of outrageous conduct. In this case, the "misplacement" of Reaugh is inexcusable and repetition of a similar incident must not occur. It is the duty of those entrusted with the custody of federal prisoners to see that they are treated properly and promptly and that their whereabouts are known at all times to a responsible official or officials. When that duty is grossly neglected, appropriate action must be taken.

The foregoing discussion shall constitute the Court's conclusions of law and an order in conformity with this opinion will be entered.

## ORDER

The Probation Violator's Warrant issued in the above-captioned case is quashed and Reaugh shall be returned at 11:59 A.M. August 11, 1975 to his

former probation status. The time between his arrest on the Warrant and the date of this Order shall be credited to the time which he is obligated to serve under this Court's sentence of probation.