■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES MORRISON, Appellant.—

In substance, the *coram nobis* application was based upon the ground that error was committed at the trial by receiving in evidence the testimony by one Thuna as to admissions made to him by defendant subsequent to defendant's indictment, while they were both confined in the Richmond County jail; and that the reception of such evidence violated defendant's constitutional rights within the doctrine of *People* v. *Di Biasi* (7 N Y 2d 544). It does not appear to be disputed that Thuna reported to the public authorities his conversations and contacts with defendant, and that Thuna continued such activities with the knowledge and approval of the authorities. Even if it be assumed that the conduct of the informer constituted the "secret interrogation of a defendant by law enforcement authorities after indictment" which is condemned in *People* v. *Di Biasi* (*supra*) and *People* v. *Waterman* (9 N Y 2d

561, 564) — a question which we do not decide — we are of the opinion that, in any event, the remedy of *coram nobis* is not available to correct the alleged error (*People* v. *Woodbury*, 13 A D 2d 522). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.