Dye, J.
The question on this appeal is whether a voluntary, unsolicited statement made by an accused to a police officer after arraignment following his arrest and before indictment is admissible in evidence against him. It is undisputed that upon the arraignment this accused was informed of his rights, including his rights to counsel, and that he requested none (Code Grim. Pro., § 188) and had no counsel at the time the challenged statement was made. It is now the rule that statements obtained from an accused after indictment are inadmissible where as in Spano v. New York (360 U. S. 315, revg. 4 N Y 2d 256) a statement was obtained from an accused after indictment and after he had surrendered himself upon advice of counsel who had instructed him not to answer and to whom the officers had refused access.
Shortly after Spano we ruled that the admission into evidence over objection of a statement obtained from an accused in the absence of counsel, although not amounting- to a confession, was nonetheless testimonial compulsion (People v. Di Biasi, 7 N Y 2d 544) which principle we soon applied in People v. Waterman (9 N Y 2d 561, 567) wherein we noted that in People v. Downs (8 N Y 2d 860, cert. den. 364 U. S. 867) the admission of a post-indictment statement turned on the special circumstances there present.
An arraignment after an arrest must be deemed the first stage of a criminal proceeding (Code Grim. Pro., §§ 165, 188) especially when, as here, the accused has been held for the Grand Jury, with fixation of bail (Code Grim. Pro., § 208). In reason and logic the admissibility into evidence of a post-arraignment statement should not be treated any differently than a post-indictment statement. A statement so taken necessarily impinges on the fundamentals of protection against *165 testimonial compulsion, since the jury might well accord it weight beyond its worth to reach a verdict of guilty. While an accused may waive a fundamental right, he did not do so here, nor is he estopped because he had made no request when informed of his rights. We thus conclude that any statement made by an accused after arraingnment not in the presence of counsel as in Spano, Di Biasi and Waterman (supra) is inadmissible.
The order appealed from should be affirmed.