■ In the Matter of FLORENCE SALKIND, Deceased. DANIEL EISENBERG, Respondent; ROBERT C. SALKIND, Appellant; HERBERT CARR et al., Respondents. — Motion by appellant to dispense with printing of appeal record, granted; the appeal will be heard on the original papers and on printed briefs, which should contain a copy of the opinion, if any, rendered by the court below. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH BERRY, Appellant.— Motion by appellant for reargument of his appeal from a judgment of the County Court, Queens County, rendered June 24, 1959 after a jury trial, convicting him of robbery in the first degree and imposing sentence. On July 5, 1961, we affirmed the judgment of conviction (*People* v. *Berry,* 14 A D 2d 553). The conviction rested in part on testimony by an Assistant District Attorney that on the morning after defendant's arraignment the defendant, in the absence of counsel, admitted to him (the assistant) that he had told the detectives that he had committed the crime charged. Appellant now moves for reargument on the basis of a subsequent decision rendered in October, 1961, by the Appellate Division in the First Department, which was affirmed on April 5, 1962 by a 4 to 3 decision of the Court of Appeals (*People* v. *Meyer,* 14 A D 2d 241, affd. 11 N Y 2d 162). In the *Meyer* case it was held that voluntary postarraignment statements made by a defendant in the absence of counsel are inadmissible. The motion for reargument is denied. In our opinion, the *Meyer* case is inapplicable for two reasons: (1) In *Meyer,* objection to the admission of the testimony was duly made during the trial. Here, no objection whatever was made to the reception of the testimony during the trial; objection is raised for the first time on this application for reargument. Such belated objection is an inadequate ground for reversal even if it be assumed that the testimony was inadmissible (cf. *People* v. *Friola,* 11 N Y 2d 157, April 5, 1962). (2) We believe, however, that the testimony here was in fact admissible, whereas in *Meyer* it was not. In *Meyer,* the defendant's postarraignment statement was made in the course of his interrogation upon the crime charged against him; it formed an integral part of the then pending criminal proceeding; and, consequently, it may be said to have been induced by " testimonial compulsion." But here the defendant's postarraignment statement in which, he admitted the commission of the robbery, was a wholly collateral statement made by him to the Assistant District Attorney in the course of the latter's investigation of a different and independent charge, to wit: the charge of extortion *made by the defendant himself* against police officers. In view of the setting and the occasion here, the defendant's inculpatory statement had none of the elements of " testimonial compulsion; " it was not a part or an incident of the proceedings relating to the crime of robbery for which he had been previously arraigned. Under no circumstances could the investigation of the extortion charge *made by the* defendant against others be said to have operated as " testimonial compulsion " to confess to the crime of robbery charged *against* him. Therefore, in the absence of any element of " testimonial compulsion," it was not error to admit the testimony in question; and it was not error even under the decisions in *Meyer* (cf. *People* v. *Di Biasi,* 7 N Y 2d 544, 551; *People* v. *Waterman,* 9 N Y 2d 561, 564). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS NUSSKERN, Appellant, v. HARRY A. LA BURT, as Director of Creedmoor State Hospital, Respondent.— Motion by appellant for reargument denied. Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.