UNITED STATES ex rel. James MORRI-
SON, Petitioner,

v.

J. Edwin LaVALLEE, Warden of Clinton
Prison, Dannemora, New York,
Respondent.

Civ. No. 9049.

United States District Court
N. D. New York.

June 30, 1962.

James Morrison, pro se.

Louis J. Lefkowitz, Atty. Gen. of New
York, for respondent.

JAMES T. FOLEY, District Judge.

The petitioner files a handwritten ap-
plication for a writ of habeas corpus that
is intelligible and concise yet containing
sufficient detail and index reference to
legal authorities in admirable fashion
to support his new contention based upon
recent rulings of the New York Court of
Appeals. There is also annexed an ex-
hibit with a chronology of his numerous
"court actions" since 1942 challenging a
judgment of conviction rendered against
him in November, 1941 after conviction
by a jury in Richmond County, New
York, resulting in a sentence from thirty
to sixty years. Previously, I gave seri-
ous consideration to an application by
the petitioner claiming that perjured
testimony was knowingly used against
him by the State Prosecutor at the trial
resulting in his conviction. After an
order to show cause had been issued to
the Attorney General of New York and
the District Attorney of Richmond Coun-
ty and affidavits had been filed by such
State officers for reasons stated, I issued
a writ of habeas corpus for the purpose
of hearing and appointed an attorney to
represent the present petitioner at such
hearing. (Morrison v. LaVallee, (N.D.
N.Y.), Memorandum-Decision and Order
dated March 27, 1959). The petitioner
was produced in this Court by the State
pursuant to the federal writ, testified
at the hearing, as did the former As-
sistant District Attorney who prosecuted
him. By memorandum-decision and or-
der dated July 31, 1961, my finding was
against the petitioner that the record
made before me did not support the con-
tention that the prosecution knowingly
used false and perjured testimony to con-
vict him. I refused to issue a certificate
of probable cause upon proper applica-
tion, but allowed the petitioner to pro-
ceed in forma pauperis to the extent that
a notice of appeal should be filed by the
Clerk without the usual payment of fee.
A letter from A. Daniel Fusaro, Clerk of
the Court of Appeals, Second Circuit,
dated April 29, 1960 to the Clerk of this
Court states that a certificate of probable
cause was denied by that Court on No-
vember 13, 1959, and certiorari was de-
nied April 18, 1960.

With ingenious reasoning not com-
pletely devoid of plausibility, the peti-
tioner seized upon two noted rulings in
the Court of Appeals, New York, to
begin anew his relentless assault on the
original judgment of conviction which
imprisons him. These cases he cites are:
People v. Di Biasi, (1960), 7 N.Y.2d 544,
200 N.Y.S.2d 21, 166 N.E.2d 825 and
People v. Waterman, (1961), 9 N.Y.2d,
561, 216 N.Y.S.2d 70, 175 N.E.2d 445,
which condemned the secret interroga-
tion of a defendant by law enforcement
officers *after indictment* and incriminat-
ing statements obtained thereby and
used at the trial as violative of the de-

fendant's constitutional rights. I now add the later case, People v. Meyer, (1962), 11 N.Y.2d 162, 182 N.E.2d 103, 227 N.Y.S.2d 427, which extends such prohibition against such statements for use at trial to post-arraignment voluntary statements to police officers. These cases again support the view I have expressed over and over that the Court of Appeals, New York, always follows without reluctance and will usually go beyond in a liberal extension the new interpretations of the Supreme Court of the United States in matters involving violations of federal constitutional rights in state criminal prosecutions. (U. S. ex rel. Kiernan v. LaVallee, (N.D.N.Y.), 191 F. Supp. 455).

The Court of Appeals, New York, as the highest Court of the State, has repeatedly shown by its decisions it will require the same safeguards in the administration of New York criminal justice that are promulgated and outlined expressly by the highest judicial authority of the nation. (People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E. 2d 478). There should be no fear that the Court of Appeals, New York, will allow fundamental rights to be violated without adequate process to correct such violations. (Hoag v. New Jersey, 356 U.S. 464, 468, 78 S.Ct. 829, 2 L.Ed.2d 913; Moore v. Dempsey, 261 U.S. 86, 91, 92, 43 S.Ct. 265, 67 L.Ed. 543).

My memorandum-decision and order, dated July 31, 1959, indicates that my reading of the record made before me established that the informer was planted in the County Jail where the petitioner was confined after indictment to obtain admissions connecting the petitioner to the crime of which he was later convicted. It is clear that the testimony of this informer was vital to convict the petitioner because the Trial Judge charged that without it there was no other testimony in the case. Based upon this fact and seeking to project the situation to the reasoning of Di Biasi and Waterman, the petitioner filed an application for a writ of error coram nobis in the Richmond County Court. It was denied

by order dated November 3, 1960 without a hearing. The Appellate Division, Second Department, permitted the petitioner to prosecute his appeal as a poor person and appointed counsel to represent him on such appeal. The denial was affirmed by decision in which the Appellate Division avoided ruling upon the question that the use of an informer under the circumstances could be considered as the secret interrogation of a defendant by law enforcement authorities after indictment condemned in Di Biasi and Waterman. (People v. Morrison, 14 A.D.2d 887, 221 N.Y.S.2d 382). The limited and essential basis of decision was that the remedy of coram nobis was not available to correct the alleged error, citing People v. Woodbury, 13 A.D.2d 522, 212 N.Y.S.2d 140. The petitioner moved to reargue the original appeal, (People v. Morrison, 264 App.Div. 778, 35 N.Y.S.2d 279), and such motion was denied. Judge Fuld who wrote the Waterman opinion for the majority denied this petitioner leave to appeal to the Court of Appeals, New York, and the Supreme Court denied certiorari May 14, 1962.

The challenge here by the petitioner is interesting in that it raises the question as to whether this sophisticated method of extracting incriminating admissions by the plant of an informer in a jail cell after indictment is to be condemned as violative of the Fourteenth Amendment. Is it similar to the actions of police in obtaining confessions that have come under scrutiny in a long series of cases by the United States Supreme Court and in many instances have resulted in reversal and often freedom for the various defendants? (Spano v. New York, 360 U.S. 315, 321, fn. 2, 79 S.Ct. 1202, 3 L.Ed. 2d 1265). I think not. In each instance, the writings are directed to the prohibition against involuntary statements extracted *by police* by methods assessed in totality as condemned "secret inquisitorial processes". (Gallegos v. Colorado, 82 S.Ct. 1209). Spano v. New York, supra, page 320, 79 S.Ct. 1202, did not pass upon the contention that following in-

dictment no confession obtained in the absence of counsel can be used without violating the Fourteenth Amendment. There is no command or direction I find in the Supreme Court writings that the age-old use of informer by the police, used more often by federal investigators than state, must be preceded by notice or warning as to a right to be afforded counsel.

The liberal extension in Di Biasi, Waterman and Meyer by the Court of Appeals, New York, involves clearly the question as to admissibility of incriminatory statements obtained from an accused as a result of interrogation *by police or prosecuting authorities*. The revolutionary concept advanced by the petitioner, in my judgment, must be upheld by the Court of Appeals, New York, because there is no federal enunciation of such principle. (Hoag v. New Jersey, 356 U.S. 464, 468, 78 S.Ct. 829, 2 L.Ed.2d 913). Whether any such ruling would apply only to the cases on appeal in New York or be retroactive would also, in my judgment, be clearly for the decision of that Court. (Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; People v. Loria, supra).

It is doubtful whether this alleged federal question was raised at all in the record of the State trial and reviewed on appeal. (Lynch v. New York, 293 U.S. 52, 54, 55 S.Ct. 16, 79 L.Ed. 191; U. S. ex rel. Reid v. Richmond, 2 Cir., 295 F. 2d 83, 89; cert. den. 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344).

This may be a fatal barrier to the federal relief sought by habeas corpus. (U. S. ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520; U. S. ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438; Brown v. Allen, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469; see also U. S. ex rel. Noia v. Fay, 2 Cir., 300 F.2d 345; cert. gr. 82 S.Ct. 1140, 8 L.Ed.2d 274. I am again willing to rest my denial here upon the review and decision of the State Courts upon a question with little, if any, federal substance. (U. S. ex rel. Salemi v. Denno, 2 Cir., 235 F.2d 910; Brown v. Allen, supra, 344 U.S. pages 443, 457–458, 73

S.Ct. 397; Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683).

The petition is denied and dismissed. The papers shall be filed by the Clerk without the usual requirement for the prepayment of fees, and it is

So ordered.