UNITED STATES of America ex rel. Chester R. BLANTON, Petitioner-Appellant,

v.

Paul B. WHELCHEL, Superintendent of Indiana State Reformatory, Respondent-Appellee.

No. 13604.

United States Court of Appeals Seventh Circuit.

Oct. 5, 1962.

Rehearing Denied Oct. 22, 1962.

Karl J. Stipher, Daniel E. Johnson, Indianapolis, Ind., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Indianapolis, Ind., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, Chester R. Blanton, appeals, from a judgment denying his petition for a writ of habeas corpus.

The pertinent facts are as follows. On October 15, 1952 petitioner was convicted in the Criminal Court of Marion County, Indiana of the crime of armed robbery after a jury trial in which he was represented by two attorneys, ostensibly of his own choice. Immediately after sentencing, petitioner consulted his attorneys about the filing of a motion for a new trial. Neither promised to file such a motion. One of them, however, agreed to "look into it and see what the possibilities were of winning on appeal."

Petitioner was held in the Marion County jail until October 21, 1952, at which time he was removed to the Indiana State Prison at Michigan City. Pursuant to a prison rule, then in effect, petitioner was placed in quarantine which prevented him from communicating with anyone unless cleared by local authorities.

Although there is no showing when petitioner's quarantine ended, he was able to forward a letter to his attorney on November 6, 1952, and on November 12 or 13 he received a letter from this attorney indicating that the latter would not undertake to file a motion for a new trial. He received the same information from relatives on the 13th. Sometime during the period in question he personally prepared a motion for a new trial which was timely filed in the trial court on November 13. With regard to petitioner's competency to undertake such a task the District Court stated in its findings:

> "Petitioner is a layman with no formal legal education but studied law in the penitentiary and was experienced in the preparation and handling of criminal legal pleadings and proceedings prior to the trial in question. He has been a regular subscriber to the Northeastern Reporter. He had successfully prosecuted proceedings in the year prior to the commission of the crime in Count Two of the charge and secured his release from the Indiana State Prison."

The motion for a new trial was denied. The Indiana Supreme Court affirmed, Blanton v. State, 233 Ind. 51, 115 N.E.2d 122; rehearing denied, 233 Ind. 51, 116 N.E.2d 631. Petitioner was represented by court appointed counsel in the appeal.

In 1954 petitioner applied to the trial court for permission to file a belated, and what he termed a "proper", motion for a

new trial. The application was denied and the Indiana Supreme Court affirmed. 234 Ind. 142, 124 N.E.2d 382; certiorari denied, 350 U.S. 850, 76 S.Ct. 90, 100 L. Ed. 756. Although the State Supreme Court affirmed on the ground that there was no statutory provision for a supplemental motion for a new trial after the period of time allowed by statute has expired, it noted that "[i]t thus appears by the record of this court, of which we take judicial notice, that appellant has had all the remedy the law gives him by way of appeal." (at 384)

In 1956 petitioner filed a petition for a writ of habeas corpus in the District Court. The petition was denied for failure to exhaust state remedies.

Thereafter, in 1957 petitioner filed in the trial court a petition for writ of error coram nobis. Although this petition is not a part of the record in the instant proceeding, petitioner asserts in his present petition for writ of habeas corpus:

"That said petition fully and substantially, reasserted the facts and circumstances alleging a clear denial of 'due process' and 'equal protection' of laws in the proceedings, trial and conviction, and suppression of relator's timely and diligent efforts to prosecute an adequate and effective appeal from his conviction upon his imprisonment at the Indiana State Prison immediately following his conviction and commitment thereto on October 21, 1952."

Moreover, in the hearing before the District Court petitioner testified as follows:

"The best conclusion I could come to from the denial of my habeas corpus petition was on the grounds that I had not exhausted the Petition for Writ of Error Coram Nobis. That is, in effect, what I later did. I filed a motion to vacate and void judgment, or Petition for Error Coram Nobis, in the Marion County Criminal Court, and hearing was held on that."

The petition for writ of error coram nobis was denied. Thereafter, petition-er filed in the trial court a motion for leave to appeal as a pauper and for a transcript of the record in the coram nobis proceeding. After a denial of this motion he sought the aid of the Indiana Public Defender and asked him to purchase a transcript for use on appeal. The Public Defender declined to purchase a transcript or to provide counsel for an appellate review. While still in correspondence with the Public Defender, petitioner's time for perfecting an appeal expired.

Petitioner presents two issues in this appeal. He contends (1) that, by placing him in prison quarantine during the period when he needed the assistance of an attorney in preparing and filing a "proper" motion for new trial, the State of Indiana effectively prevented an appeal of his original conviction, hence it deprived him of the equal protection of the laws required by the Fourteenth Amendment; and (2) that the State of Indiana denied him, an indigent, equal protection of the laws by conditioning his right to appeal the denial of his petition for error coram nobis upon the approval of the Public Defender when no such condition is imposed upon a non-indigent.

■ The District Court concluded that petitioner was not denied his constitutional rights by being held in quarantine during a portion of the statutory thirty day period in which a motion for a new trial must be filed. We believe this conclusion is correct.

Following his conviction, petitioner consulted with counsel. His chief counsel immediately began an investigation of possible grounds for a new trial. After transfer to the state prison, petitioner wrote this attorney on October 30, 1952, but the letter was not forwarded by the prison officials until November 6, 1952. The attorney testified that after concluding that there were no grounds for an appeal, he so informed petitioner by letter on November 10, 1952. The letter was received by petitioner on the 12th or 13th.

Although petitioner's quarantine prevented him from communicating with his attorney or members of his family during a portion of the time allowed for filing a motion for a new trial, there is no indication that either he or his attorney would have acted differently or sooner had petitioner not been quarantined.

Petitioner received notice of his chief counsel's decision not to seek a new trial on November 12, 1952, some four days prior to the expiration of the allowable filing period. Petitioner immediately drafted his own motion for a new trial which he filed with the trial court on November 13, 1952. As the District Court pointed out in its findings, petitioner made no effort to submit this self-prepared motion to his trial counsel for approval even though there was ample time remaining in which to have done so.

During the four days prior to the expiration of the thirty day period, petitioner also had the opportunity to contact different counsel, including the other attorney who represented him at the trial and, if such efforts proved unsuccessful, of requesting the trial judge to provide him with counsel. Instead, he chose to prepare his own motion for a new trial.

The instant case is readily distinguished from Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453 (1942) and Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1950). In those cases it was claimed that an appeal from the original conviction was prevented by state action, whereas in the present case a motion for a new trial was timely filed and an appeal was taken. We hold that the petitioner has not shown that he was deprived of equal protection of the laws by being placed in quarantine during a portion of the time allowed him by statute for filing his motion for a new trial.

Before reaching the second issue raised by petitioner relating to the refusal of the Public Defender to conduct an appeal from the denial of his application for a writ of error coram nobis and to furnish him with a transcript of the record, a determination must be made whether this question is reviewable since it was not raised in the District Court.

The sole basis that petitioner presented in the instant proceeding before the District Court for his right to be discharged from imprisonment relates to whether he was thwarted in preparing and filing a "proper" motion for a new trial by his being placed in quarantine by the prison officials. It is manifestly clear from the record that petitioner's allegations in his petition in regard to his frustrated efforts to have the Public Defender conduct an appeal and to furnish him a transcript of the record were made solely to demonstrate that he had exhausted his available state remedies and was thus entitled to a writ of habeas corpus in the federal court.

■ It has generally been held that a petitioner in a habeas corpus proceeding may not present grounds for the writ that are raised for the first time on appeal. Kaufman v. Wilkinson, 237 F.2d 519 (5th Cir. 1956); Watkins v. Duffy, 197 F.2d 816 (9th Cir. 1952); Craig v. Hunter, 167 F.2d 721 (10th Cir. 1948). This rule, however, was departed from in Daugharty v. Gladden, 257 F.2d 750 (9th Cir. 1958). There, the court said that such a departure was warranted when it was necessary to prevent a manifest miscarriage of justice.

■ It is to be noted that the District Court in the instant proceeding passed upon the identical issue presented in the error coram nobis proceeding, namely, was petitioner deprived of a constitutional right by the state officials' action in quarantining him after his arrival in the state prison. Since this initial and basic question, presented in the error coram nobis proceeding and now in the instant proceeding, has been resolved against petitioner, we do not think that justice requires that we depart from the general rule not to consider questions which have not been raised below. For these reasons we do not reach the issue presented in Brown, U. S. ex rel. v. Lane, 302 F.2d 537 (7th Cir. 1962).

We wish to acknowledge and express our gratitude to Messrs. Karl J. Stipher and Daniel E. Johnson for their commendable services rendered in this court on behalf of the indigent petitioner.

The judgment of the District Court is affirmed.