■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CALVIN BELL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, entered February 15, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered November 14, 1956 on his plea of guilty, convicting him of manslaughter in the first degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENZO CIRILLO (Also Known as VINCENT CIRILLO), Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Queens County, dated February 26, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered May 5, 1948 after a jury trial, convicting him of manslaughter in the first degree, and sentencing him, as a second felony offender, to serve a term of 20 to 40 years. The indictment had charged the defendant with murder in the first degree. Order affirmed. Defendant had served a notice of appeal from the judgment of conviction, but such appeal was dismissed in 1948. In this *coram nobis* proceeding which was instituted in 1962, the defendant contended, *inter alia,* that his constitutional rights were violated by reason of the introduction in evidence against him on the trial of statements, made by him in the absence of his attorney, to the District Attorney, after he (the defendant) had been surrendered by his attorney. If it be assumed that the defendant's statements were erroneously received in evidence, the error was apparent on the face of the record and was reviewable by an appeal from the judgment of conviction. It was not reviewable by a *coram nobis* proceeding instituted after the appeal from the judgment had been dismissed and after the decisions which had been rendered in *Spano* v. *New York* (360 U. S. 315) and in *People* v. *Di Biasi* (7 N Y 2d 544). (See *People* v. *Sadness,* 300 N. Y. 69; *People* v. *Kendricks,* 300 N. Y. 544; *People* v. *Muller,* 11 N Y 2d 154; *People* v. *Morrison,* 14 AD 2d 887; *People* v. *Figueroa,* 220 N. Y. S. 2d 131; *People* v. *Eastman,* 33 Misc 2d 583.) Presumably an appeal by the defendant to the Appellate Division from the judgment of conviction, on the ground mentioned herein, would have been fruitless in 1948. Nevertheless, if it be assumed, *arguendo,* that the statements made by the defendant would be inadmissible in evidence under the standards set forth in *People* v. *Meyer* (11 N Y 2d 162), *coram nobis* is not available as a post-conviction remedy to vacate a conviction on what was constitutional and admissible evidence at the time of the trial and at the time the appeal from the judgment was dismissed (*People* v. *Eastman, supra*; *People* v. *Morrison, supra*; see e.g., *People* v. *Muller, supra*). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD LEVY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated April 16, 1962, which denied, without a hearing, his application to vacate a judgment rendered February 3, 1958 on his plea of guilty, convicting him of grand larceny in the second degree and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE MILLER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, entered May 1, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered January 10, 1958, on his plea of guilty, convicting him of assault in the second degree, and imposing sentence on him as a second felony offender. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.