UNITED STATES of America ex rel. John Joseph BERRY, Relator,

v.

WARDEN, QUEENS HOUSE OF DETENTION, KEW GARDENS, NEW YORK, Respondent.

No. 62-M-1189.

United States District Court
E. D. New York.

Jan. 11, 1963.

Joshua L. Sussman, Forest Hills, N. Y., for relator.

Louis Lefkowitz, Atty. Gen., Ronald J. Offenkrantz, Deputy Asst. Atty. Gen., of counsel, and Frank D. O'Connor, Dist. Atty. Queens County, Kew Gardens, N. Y., by Harvey Ehrlich, Laurleton, N. Y., for respondent.

MISHLER, District Judge.

The petitioner filed a petition for a writ of habeas corpus, for permission to proceed in forma pauperis and for assignment of counsel.

Permission was granted petitioner to proceed in forma pauperis. A writ was issued to the Warden, Queens House of Detention, directing the production of the prisoner. The Court assigned counsel.

Upon ascertaining that no issue of fact was before the Court, the presence of the prisoner at the adjourned hearing date was dispensed with. Minnec v. Hudspeth, 1941, 10 Cir., 123 F.2d 444, 445, cert. denied, 315 U.S. 809, 62 S.Ct. 797, 86 L.Ed. 1207. The Court examined the transcript of trial minutes, consisting of two volumes and an affidavit captioned "United States Supreme Court" and described as a petition.

Petitioner claims that he is held in state custody in violation of the Constitution of the United States. (See 28 U.S.C.A. § 2241(c) (3) ). The claim is based on the admission into evidence of petitioner's post arraignment confession.

The undisputed facts are that petitioner was arraigned in Felony Court, Queens County, on charges of felonious assault, malicious mischief, conspiracy and assault, and robbery, on December 4, 1958. At that time, the presiding magistrate advised the petitioner of his rights, including his right to counsel. Petitioner made no request for counsel and none was assigned. Prior to the arraignment, petitioner had complained to the District Attorney's Office of an attempted extortion by two detectives attached to the New York Police Department. On the evening of the day of arraignment, Assistant District Attorney Bernard Patten visited petitioner at the Queens House of Detention, where he was lodged. Mr. Patten testified that the interview was part of his investigation of the charges made by petitioner. He had learned that petitioner had recanted the charges made, and, wanted to confirm that fact, and determine whether such recantation was voluntary, and further, whether the original charges made by petitioner were baseless. During this interview, petitioner made a confession of the robbery with which he had been charged that day.

At the trial, Mr. Patten's testimony concerning petitioner's admissions were offered without objection by petitioner. On cross examination, petitioner's counsel examined at length on possible physical injury inflicted upon petitioner by police, threats made by police, or other

possible unlawful acts committed by the police against petitioner. (Transcript p. 743–755.) Petitioner's counsel referred to the claim frequently in his summation. (Trans. 976–990.) At the end of the entire case, petitioner's counsel moved for dismissal of the indictment "on the ground that the confessions in this case were involuntary".

Other written and oral confessions were introduced into evidence over the objection of counsel. Before admitting them into evidence, the trial court conducted a preliminary hearing to determine their voluntariness. The reference to involuntary confessions did not refer to the subject matter of this petition. Petitioner was found guilty of robbery in the first degree and sentenced to a term of not less than 15 years and not more than 30 years. The conviction was unanimously affirmed by the Appellate Division, Second Department (People v. Berry, 14 A.D.2d 553, 218 N.Y.S.2d 983). Application was made for leave to appeal to the New York Court of Appeals. While application was pending in the Court of Appeals, petitioner moved for reargument in the Appellate Division, citing People v. Meyer, 14 A.D.2d 241, 220 N.Y.S.2d 438. Upon affirmance of People v. Meyer by the Court of Appeals in 11 N.Y.2d 162, 227 N.Y.S.2d 427, 182 N.E.2d 103, the Appellate Division denied reargument to petitioner in 16 A.D.2d 790, 228 N.Y.S.2d 34. Leave to appeal to the Court of Appeals was then denied by Hon. Stanley H. Fuld on June 13, 1962. Application for certiorari was made to the United States Supreme Court more than 90 days after entry of the order denying leave to appeal and the application was denied for that reason.

Petition states that the federal question is raised by defendant's motion to dismiss at the trial herein referred to, and the reference thereby that the confessions were involuntary.

Were this petition to rest solely on the claim of the involuntariness of the statements, it would fail, for it was obviously the strategy of the defense, to use statements as a vehicle to establish beatings and other police brutality, and to buttress the claim of involuntariness of the confessions admitted over defense counsel's objections. See Application of Jackson, 1962, S.D.N.Y., 206 F.Supp. 759, affirmed Nov. 2, 1962, United States ex rel. Jackson v. Denno, 2 Cir., 309 F.2d 573. Here as in Application of Jackson, supra, the issue of voluntariness was submitted by the Court in its charge, fully, adequately and fairly (Trans. 1091–1097). Voluntariness has been the sole test of the admissibility of confessions; all other facts surrounding the confession have heretofore been considered bearing on voluntariness. In McHenry v. United States, 10 Cir., 1962, 308 F.2d 700, 703, the Court stated the principle as follows:

"An involuntary confession or one obtained by means of threats or promises which subject the mind of the accused to the torture of fear or flattery of hope is inadmissible * * * [cases cited omitted]. By the same token, an admission or confession made by the accused in a criminal case if freely and voluntarily given without inducements or coercion, is admissible in evidence and this is true even though it is made after arrest or while the accused is in lawful custody [cases cited omitted]."

There is little doubt that the statements of the petitioner, made to Mr. Patten, were voluntary. This tacit concession is evident in petitioner's testimony (Trans. p. 847); it is expressed in the petition (affidavit) addressed to the United States Supreme Court verified September 17, 1962.[1]

The argument advanced by petitioner for the inadmissibility of the confession

---

1. The affidavit states in part:
"Q. Questions Presented For Review
"1. May a voluntary unsolicited statement made by an accused to an assistant district attorney, following his arrest and arraignment in Magistrates Court, when not represented by counsel, be introduced against him on the trial?"

is found in People v. Mayer, 11 N.Y.2d 162, 227 N.Y.S.2d 427, 182 N.E.2d 103. In this case, the Court of Appeals of New York affirmed 4 to 3 the decision of the Appellate Division, First Department, the reversal of a conviction based upon a post arraignment statement made by a defendant who had not retained counsel at the time such statement was made. The Court said 11 N.Y.2d at pages 164–165, 227 N.Y.S.2d at page 428, 182 N.E.2d at page 104:

> "A statement so taken necessarily impinges on the fundamentals of protection against testimonial compulsion, since the jury might well accord it weight beyond its worth to reach a verdict of guilty. While an accused may waive a fundamental right, he did not do so here, nor is he estopped because he had made no request when informed of his rights. We thus conclude that any statement made by an accused after arraignment not in the presence of counsel as in Spano, DiBiasi and Waterman (supra) is inadmissible."

Petitioner's appeal was pending in the Appellate Division, Second Department of the New York State Supreme Court at the time the Court of Appeals announced its decision in People v. Meyer, supra. In affirming the conviction of petitioner in the County Court, the Appellate Division, by a unanimous court, said (16 A.D.2d 790, 228 N.Y.S.2d 34):

> "In our opinion, the Meyer case is inapplicable for two reasons: (1) In Meyer, objection to the admission of the testimony was duly made during the trial. Here, no objection whatever was made to the reception of the testimony during the trial; objection is raised for the first time on this application for reargument. Such belated objection is an inadequate ground for reversal even if it be assumed that the testimony was inadmissible (cf. People v. Friola, 11 N.Y.2d 157, 227 N.Y.S.2d 423, 182 N.E.2d 100 [April 5, 1962]). (2) We believe, however, that the testimony here was in fact admissible, whereas in Meyer it was not. In Meyer, the defendant's postarraignment statement was made in the course of his interrogation upon the crime charged against him; it formed an integral part of the then pending criminal proceeding; and, consequently, it may be said to have been induced by 'testimonial compulsion.' But here the defendant's postarraignment statement in which he admitted the commission of the robbery, was a wholly collateral statement made by him to the assistant district attorney in the course of the latter's investigation of a different and independent charge, to wit: the charge of extortion *made by the defendant himself* against police officers. In view of the setting and the occasion here, the defendant's inculpatory statement had none of the elements of 'testimonial compulsion;' it was not a part or an incident of the proceedings relating to the crime of robbery for which he had been previously arraigned. Under no circumstances could the investigation of the extortion charge made by the defendant against others be said to have operated as 'testimonial compulsion' to confess to the crime of robbery charged against him. Therefore, in the absence of any element of 'testimonial compulsion,' it was not error to admit the testimony in question; and it was not error even under the decisions in Meyer (cf. People v. Di Biasi, 7 N.Y.2d 544, 551, 200 N.Y.S.2d 21, 25, 166 N.E.2d 825, 828; People v. Waterman, 9 N.Y.2d 561, 564, 216 N.Y.S.2d 70, 73, 175 N.E.2d 445, 446). Beldock, P. J., Ughetta, Kleinfeld, Christ and Hopkins, JJ., concur.'

■ The New York State condemnation of post arraignment or post indictment confessions has not yet been adopted by the federal courts. See United States v. Massiah, 1962, 2 Cir., 307 F. 2d 62, 65–66 (Dissenting opinion by Hayes, J.). It would appear that the limits of federal constitutional protection

should be governed by federal court standards and not those of the various states. To hold otherwise would make for considerable confusion. The admissibility of the confession referred to in the petition was a matter of state law. Similarly, the determination of the preservation of a right—or its waiver by failure to make objection is a matter of state law. State procedures become a matter of federal concern only when they depart "from constitutional requirements." Rogers v. Richmond, 365 U.S. 534, 544–545, 81 S.Ct. 735, 741–742, 5 L.Ed.2d 760; Reid v. Richmond, 1961, 2 Cir., 295 F.2d 83, cert. denied, 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344; United States ex rel. Blanton v. Whelchel, 1962, 7 Cir., 308 F.2d 586, 589.

Respondent has argued that the petition should be dismissed because petitioner has demonstrated his failure to exhaust state remedies by not making timely application to the United States Supreme Court for certiorari to review the denial by Judge Fuld of petitioner's application for leave to appeal to the New York Court of Appeals.

28 U.S.C. § 2254 directs that a petition " * * * shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, defined the application for a writ of certiorari to the United States Supreme Court as necessary to the express condition recited in 28 U.S.C. § 2254, though exceptions to the rule have been noted. See Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647; United States ex rel. Wissenfeld v. Wilkins, 1960, 2 Cir., 281 F.2d 707. The petitioner, however,

does not fall within any of the above exceptions. In Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, the Court reaffirmed Ex parte Hawk, supra. The Court said:

> "Considerations of prompt and orderly procedure in the federal courts will often dictate that direct review be sought first in this Court. And where a prisoner has neglected to seek that review, such failure may be a relevant consideration for a district court in determining whether to entertain a subsequent habeas corpus petition." Id. 339 U.S. at 209–210, 70 S.Ct. at 593, 94 L.Ed. 761.

See United States ex rel. Kagnovitch v. Wilkins, 1962, 2 Cir., 305 F.2d 715, 716, cert. denied, Kagnovitch v. Wilkins, 371 U.S. 929, 83 S.Ct. 300, 9 L.Ed.2d 236.

The state procedures gave full, fair and adequate consideration to the issues at the trial and subsequent thereto. The constitutional rights of the petitioner have not been violated.

By letter dated December 29, 1962, petitioner personally requested a certificate of probable cause in the event of the denial of the instant application. There appears to be no substantial ground for appeal. The application for a certificate of probable cause is denied. 28 U.S.C. § 2253.

Petition is dismissed and the writ is vacated.

Settle order on two days notice.

The Court wishes to thank Joshua L. Sussman, Esquire, assigned counsel, for the services rendered to petitioner in this proceeding.