Calvin R. CARTER, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 66–C–29–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Dec. 27, 1966.

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed by a State prisoner *in forma pauperis,* pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner is currently serving a term of twenty years at State Farm, Virginia, pursuant to a conviction for second degree murder by the Circuit Court of Campbell County, Rustburg, Virginia, on October 14, 1963. At his trial before a jury, petitioner was represented by counsel of his own choosing. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the State court in Rustburg on July 29, 1965, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered September 13, 1965. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on June 15, 1966.

Petitioner now seeks a writ of habeas corpus from this court, alleging essentially the same violations he raised in his State court hearing. His first allegation is that the verdict of the trial court was contrary to the evidence and was not supported by substantial evidence in that petitioner's statements to police after his arrest and before arraignment were involuntary and inadmissible. The second argument is that petitioner was denied due process and equal protection by not being granted an opportunity to appeal his conviction. He further alleges that no transcript of the trial was made available to him. This contention appears to be related to the argument about his denial of the right to appeal.

The pertinent facts can be recited briefly:

Petitioner was arrested on May 11, 1963, upon a warrant charging him with murder. Upon arrival at the Campbell County jail a statement was taken from him and signed by him. At the conclusion of the trial on October 14, 1963, counsel for petitioner moved that the verdict be set aside. The motion was overruled. Counsel excepted to the ruling of the court and was granted a sixty-day stay of execution to effect an appeal. Subsequently, no appeal was taken. A more detailed presentation of some of these facts is covered later in this opinion.

Petitioner's first allegation concerning his confession is totally without merit. This court has examined the entire record of the State court hearing and finds no suggestion of threats, promises or coercive measures in securing the confession. On the contrary, petitioner's confession was given willingly by his own admission. Before he signed the statement, it was read to him and included a provision explaining its possible use against him. Actually, the confession was used at the trial court by the petitioner, because his attorney considered it beneficial to his defense. From the foregoing uncontradicted testimony it is impossible to regard the allegation that the confession was involuntary as having any merit. There is no reason to permit a new hearing on this issue unless some new facts are alleged, which petitioner has not done.

More attention is required of petitioner's contention that he was denied an appeal of his conviction. He claims that only after his sixty-day extension had passed did he realize no appeal had been perfected.

At the conclusion of the state court hearing, petitioner relied upon two cases to justify his argument. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951), vacated judgment of the Indiana court and allowed full appellate review to a petitioner serving a life sentence on a conviction of murder. It was held that the prevention of the original timely appeal by the warden's suppression of appeal papers was a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Con-

stitution. In that case the prisoner did not "waive" his right to appeal.

Among the cases which have distinguished *Dowd* on its facts are Brown v. Looney, 249 F.2d 61 (10th Cir. 1957), and United States ex rel. Blanton v. Whelchel, 308 F.2d 586 (7th Cir. 1962). In *Brown* no prejudice resulted from petitioner's transfers from county jail to federal prison and between various federal prisons while his appeal was pending. *Whelchel* rejected the proposition that petitioner was denied equal protection by being placed in quarantine during a portion of the time allowed to him by statute for filing his motion for a new trial, where he did timely file his own motion for a new trial and an appeal was taken.

In the present case, petitioner urged the state court to consider a second decision in the previous hearing. In re Martin, 58 Cal.2d 133, 23 Cal.Rptr. 167, 373 P.2d 103 (1962), involved a prisoner who was not advised of his rights in spite of repeated efforts to communicate with his attorney about an appeal. He was informed by the clerk of the District Court of Appeals that no remedies were available by which he could preserve his appeal. The Supreme Court of California held that the appeal should be reinstated. The facts here were extreme. Petitioner had hired new counsel to perfect his appeal. A sixty-day extension of time was granted for filing an opening brief, but nothing was done. In the meantime petitioner had sought to ascertain the status of his appeal by numerous letters to his attorney, the trial court and the state bar association, without result until too late.

In both the *Dowd* and *Martin* decisions great stress was assigned to the prisoner's efforts to perfect an appeal, but these efforts were frustrated. A brief examination of recent Fourth Circuit decisions may prove illuminating in the case before this court.

Where letters by the petitioner sufficiently indicated a desire to appeal his murder conviction and to have counsel appointed, the Circuit Court of Appeals reversed the lower court, remanding the case for a new trial. Newsom v. Peyton, 341 F.2d 904 (4th Cir. 1965). Petitioner had hired counsel for his trial who did not note an appeal when informed petitioner did not have adequate funds for the additional fee. Within two weeks after his conviction, petitioner wrote two letters to the trial judge expressing his desire to appeal and his need for appointed counsel. Both letters were ignored. Petitioner finally sought to have a new attorney investigate, but did not get the results of this inquiry for seven months. The two letters to the trial judge were considered to be notice of appeal.

Magee v. Peyton, 343 F.2d 433 (4th Cir. 1965), involved letters written after conviction by petitioner and his father to the state court trial judge relating to a new trial and the inability to pay an attorney's fee. Court appointed counsel was requested, but none was appointed and the letters were not answered. This was held to be a denial of assistance of counsel on appeal.

Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir. 1965), held that an indigent state defendant was denied the constitutional right to a free transcript where counsel failed to advise him of his right. Counsel had advised his client that an appeal would not succeed, but noted the appeal and was granted a sixty-day stay. The appeal was later dismissed for lack of prosecution. The court noted that if one cannot afford an attorney for an appeal, the record should be furnished, an attorney appointed and the appeal allowed. Here, the petitioner sought to perfect an appeal despite his counsel's advice.

It is noted that these last cited cases illustrate the need for petitioner to take some positive action in seeking to have his appeal perfected. They point out that there is no absolute constitutional right to an appeal, but that such right does exist even for an indigent where an appeal is sought. In the latter

situations petitioner may also procure a transcript of the trial proceedings.

 The state court hearing on the instant matter explored the facts quite adequately. The exception taken to petitioner's motion to set aside the verdict was made by a competent attorney of petitioner's own choosing. It was done completely on his own initiative in the event an appeal would be considered desirable at a later date. The attorney had extensive criminal experience and did this as a matter of course. Following sentencing, the lawyer spoke with petitioner's mother, who had financed the defense in the trial court, in the presence of petitioner's sister. There was some conflict about whether the petitioner was present at this conference. The subject of an appeal was discussed, but petitioner's mother indicated she did not have funds available to retain the trial attorney. No specific action was authorized by petitioner's mother. The attorney indicated at the state hearing that he would have apprised petitioner's family of their rights to proceed under court appointed counsel, if the family had shown any interest in an appeal.

After the sixty-day period had expired, petitioner wrote two letters to his trial attorney. In neither of these letters did he mention anything about a possible appeal. At least one of these letters was answered. On at least one other occasion, petitioner's mother spoke with the attorney, but never mentioned an appeal. Petitioner has an eleventh grade education and from his answers at the state hearing is obviously capable of expressing his desires and thoughts adequately to have let it be known he wanted an appeal, if that in fact had been his desire in 1963. It also appears that he was cooperative with his attorney. In return the record indicates that his attorney sought to provide the best possible defense for his client. This court believes that the state court properly and completely covered the questions raised in the petition before us. The case was disposed of in accordance with sound factual and legal analysis. There is no reason for a new hearing to be conducted by this court.

Without belaboring the point, it is significant that this position was also reached by the Supreme Court of Appeals of Virginia in denying petitioner's writ of error on June 15, 1966, following the state hearing. This decision occurred after that same body had decided two cases the same term, where opposite results were reached. In Cabaniss v. Cunningham, 206 Va. 330, 143 S.E.2d 911 (1965), a 1963 rape judgment was reversed to allow for a belated appeal. There petitioner was an indigent with less than a sixth grade education. Prior to his trial, petitioner told his court appointed counsel that he would appeal if convicted. After losing a motion to set aside the judgment, no exception was noted. No steps were taken to perfect an appeal and the attorney did not see the petitioner, although he wrote that he felt the case had not been proven. Petitioner indicated to the court when he was sentenced that he wanted to appeal as a pauper. He wrote the Commonwealth Attorney requesting the necessary papers. The officials took no action. In reversing, the Virginia court directed that counsel should be appointed to help petitioner apply for his appeal and an accurate transcript of the evidence should be supplied, or that he should be re-tried, or set free.

In Thacker v. Peyton, 206 Va. 771, 146 S.E.2d 176 (1966), the petitioner wrote his court appointed attorney seeking an appeal. He was advised there would be nothing to gain, based upon the attorney's judgment that no error had been committed at the trial. The Supreme Court of Appeals of Virginia held that petitioner was denied his constitutional right of defense, including the aid of counsel for appeal. The appeal was allowed belatedly.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit. Nothing would be gained by a new hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and the same hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.