Fred Samuel **HENSON**, Petitioner,

v.

**C. C. PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 68-C-4-C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Feb. 14, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by a state prisoner pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a team of life imprisonment in the Virginia State Penitentiary, following his conviction for first-degree murder, in the Circuit Court of Albemarle County, on October 18, 1961. At his trial before a jury, petitioner was represented by counsel employed by his family. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the state court in Albemarle County on February 8, 1967, as a result of a petition by the prisoner. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered February 24, 1967. On December 4, 1967 petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia.

Petitioner now seeks a writ of habeas corpus from this court alleging the same errors he raised in his state court hearing. Petitioner raises the general allegation that he was denied effective assistance of counsel, and the specific ground that he was denied his right to appeal the conviction.

The facts of this case, as revealed by the record, will be discussed later in this opinion.

■ Petitioner's first allegation concerning ineffective representation of counsel is totally without merit. The only evidence of ineffective representation of counsel offered at the state habeas corpus hearing was petitioner's statement that he was not sure what his attorney had done to prepare for the trial. There was also a vague statement by petitioner that his attorney should have spent more time in cross examining all of the witnesses. It is clear that petitioner has failed to meet his burden of proof in raising any serious question of the adequacy of representation by counsel. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 766 (1966).

■■ The allegation that petitioner was denied his right to appeal his conviction will require an examination of the facts developed at the state habeas corpus hearing. Petitioner was represented at his trial by counsel employed by the petitioner's family. Immediately after petitioner's conviction the family approached the attorney and asked for his opinion on the possibility of an appeal. Petitioner's counsel replied that in his opinion there was not any error in the record and that he did not think that an appeal would be successful. Nothing further was said about the possibility of appeal, and there was no mention of any fee for filing an appeal. Petitioner's family had retained trial counsel and there was never any indication that they would be unable to pay the costs of filing an appeal. Thus the facts here are distinguishable from those in Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir. 1965) where an indigent defendant *expressed* a desire to appeal and was not advised that he could proceed *in forma pauperis*. In the present case, petitioner's attorney was asked his opinion on a possible appeal of the conviction, and the attorney gave such an opinion. There was never any mention of a fee for appealing the conviction, nor was there any indication that petitioner did desire

an appeal. An opinion was requested and an opinion was received. There is no requirement that a defendant be advised of his right to appeal as an indigent, unless the defendant has indicated a desire to appeal. In Carter v. Peyton, 262 F.Supp. 701 (W.D.Va.1966), this court elaborated its view that a defendant must take some positive action to express a desire to appeal, and the reasoning set forth in that opinion applies to the present situation.

Upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.