**Clifford E. RINGLEY, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–20–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

May 23, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by a state prisoner pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of sixty years in the Virginia State Pen-

---

itentiary, following his conviction for robbery in the Circuit Court of Washington County on October 13, 1955. At his trial, petitioner was represented by counsel employed by his family. Petitioner waived his right to a jury trial and entered a plea of guilty.

A habeas corpus hearing was conducted by the state court in Washington County on April 5 and 6, 1967. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered May 4, 1967. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on January 17, 1968.

Petitioner now seeks a writ of habeas corpus from this court alleging the same errors he raised in his state court hearing. Petitioner alleges that he was denied his right to appeal the conviction, and that his counsel rendered ineffective assistance in preparing such an appeal. Having studied the record this court is satisfied that the record is an adequate basis on which to make a decision, therefore there is no need for a plenary hearing.

The relevant facts are summarized below:

On October 6, 1955 petitioner was tried before a jury and convicted of murder. The principal evidence against petitioner was the testimony of J. J. Lester, an accomplice in the crime. On October 13, 1955 petitioner was tried on a charge of robbery, the robbery and murder charges growing out of the same set of facts. Petitioner contends that he entered a plea of guilty to the robbery charge because he knew that J. J. Lester was available to give the same damaging testimony. Petitioner hoped that by pleading guilty he might obtain the mercy of the court and avoid imposition of the maximum sentence. The trial court accepted petitioner's guilty plea and sentenced petitioner to sixty years imprisonment.

Petitioner told his attorney that he was unhappy with the outcome of "my cases".

Shortly after petitioner's convictions, J. J. Lester changed his account of the crime. Petitioner wrote to his attorney informing him of this change and asking him to do something. Petitioner's attorney, Mr. Sheffield, went to see petitioner's father about an appeal, but as Mr. Sheffield put it; petitioner's father never came up wth any money to employ counsel to go forward with an appeal. Mr. Sheffield discussed the case with the trial judge. No action resulted from this conversation. Mr. Sheffield attempted to contact J. J. Lester about the changes in his story, but upon learning that Lester had once again changed his story, Mr. Sheffield let the entire matter drop.

■ This court has often stated that there is no duty to inform a defendant of his right to appeal as an indigent unless the defendant has taken some affirmative action to express a desire to appeal. Carter v. Peyton, 262 F.Supp. 701 (W.D. Va.1966).

■ This court firmly believes that petitioner was effectively represented by his counsel, Mr. Sheffield. There was no definite showing that there was a sincere desire to appeal. The petitioner had entered a plea of guilty. Both petitioner and his counsel were aware of petitioner's guilt.

■ A plenary hearing was held by the able and conscientious Circuit Judge of Washington County, Virginia, where relief was denied, and his decision is fortified by the approval of the able Supreme Court of Appeals of Virginia. This court perceives no valid reason to grant the writ of habeas corpus ond thus in effect set free one who admittedly was guilty of robbery.

Therefore, it is adjudged and ordered that the petition for habeas corpus be and the same is hereby denied and dismissed.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.