OPINION OF THE COURT
Harold E. Collins, J.
This is a Huntley hearing in which the sole issue is whether a postindictment statement made by the defendant at the time of his arrest is admissible upon the trial.
On June 14, 1976 the defendant was indicted for criminal sale and possession of a controlled substance, namely, cocaine.
On June 18, 1976 three police officers proceeded to an apartment at 119 Atlantic Avenue in Long Beach for the purpose of arresting the defendant pursuant to a warrant issued in relation to the aforesaid indictment.
*859 After being admitted into the apartment by the defendant one of the officers exhibited the warrant and advised the defendant he was under arrest. The defendant was then given the four Miranda warnings by one of the officers, who read the warnings from a card. The defendant was asked whether he understood the warnings and responded that he did but he was not asked if he desired to waive his constitutional rights.
In any event, as demonstrated from the hearing record, there was no interrogation of the defendant following the reading of the Miranda warnings and except for some general comments concerning the defendant’s family, after he was placed in a police car, no conversation ensued between the defendant and the officers.
After he was arrested in the apartment, however, the defendant did ask to go into the bedroom to get his shoes from a closet and then, in the presence of the officers, without any questioning or conversation said "I know where this came from and I know where to go.”
It has long been the rule that an inculpatory statement made by a defendant after indictment or arraignment, in the absence of counsel, is inadmissible. (People v Waterman, 9 NY2d 561; People v Di Biasi, 7 NY2d 544.)
The rationale of such rule was set forth in Waterman (supra, p 564) as follows: "Such questioning, we held, impinged upon the defendant’s twofold rights to the assistance of counsel and to freedom from testimonial compulsion.”
Even where an accused is represented by an attorney, however, it is equally established law that a volunteered or spontaneous statement made by a defendant in the absence of his attorney is admissible in evidence (People v Kaye, 25 NY2d 139).
The rule of law concerning voluntary or spontaneous statements as enunciated in the Kaye case (supra) has been restated recently in People v Hobson (39 NY2d 479), a case where the defendant was in custody and at the time was represented by an attorney. The Court of Appeals while holding that an accused could not waive his constitutional rights in the absence of his lawyer stated, nevertheless, that a defendant’s spontaneously volunteered statement would be admissible even where a lawyer had entered the case.
Both Hobson and Kaye, however, were preindictment and prearraignment cases and it remains to determine whether a *860 contrary result is dictated in the case at bar in light of the holding in People v Meyer (11 NY2d 162). In that case, by a sharply divided court, the Court of Appeals held that a voluntary, unsolicited statement made by the accused to a police officer after arraignment was inadmissible. The court held that a postarraignment statement, just as a postindictment statement "impinges on the fundamentals of protection against testimonial compulsion ” (People v Meyer, supra, pp 164-165, emphasis supplied).
The Meyer case was the subject of careful scrutiny by Judge Tomson, then of this court in the case of People v Brown (86 Misc 2d 339, 352).
In the Brown case voluntary, unsolicited statements had been made by the defendant after her arraignment and the defendant contended that under the holding in the Meyer case the statements had to be suppressed.
After an analysis of the facts, as set forth in the Appellate Division opinion in Meyer, Judge Tomson noted that the arresting detective had exercised persuasion in a discussion with the defendant in order to get him to admit guilt. Thus the statements obtained were, in reality, the end product of questioning and it is this state of facts that the Court of Appeals affirmed (People v Meyer, 11 NY2d 162, supra).
In light of the facts of the case Judge Tomson concluded that it is interrogation, in the absence of counsel, after the criminal proceeding has commenced that the Court of Appeals in Meyer forbade.
As substantiation for his conclusion Judge Tomson stated: "The Court of Appeals in Meyer, relying primarily on Spano v New York (360 US 315, supra) speaks of (p 164) 'a statement obtained from an accused’ (emphasis supplied). The Court of Appeals therefore recognized that the statement (though 'voluntary’, 'uncoerced’ and 'unsolicited’) was obtained during the course of interdicted postarraignment interrogation. In this connection, the court’s reliance on Spano is significant”. (People v Brown, supra, p 353.)
While in the case at bar the statement was made by the defendant Russo after indictment the above-described principles of law equally apply. Upon the commencement of a criminal proceeding the right to counsel attaches and no interrogation may take place in the absence of counsel. Yet even where a lawyer has actually entered the case before a criminal proceeding is commenced, voluntary, unsolicited *861 statements are deemed admissible (People v Hobson, 39 NY2d 479, 483, supra). It is the voluntary submission to questioning in the absence of a defendant’s lawyer which is interdicted.
In People v Kaye (25 NY2d 139, 144, supra) the Court of Appeals quoting from Miranda v Arizona (384 US 436) stated as follows: " 'Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.’ (384 U. S., at p. 478.)”
The Kaye court then went on to say (p 144): "Similarly, this court has held that volunteered statements are not barred by the Fifth Amendment.”
Significantly, there is no inherent coerciveness and no testimonial compulsion involved in the making of voluntary, spontaneous utterances and thus Fifth Amendment privileges against self incrimination are not violated. Under such circumstances the stage of the criminal proceeding at which such statements are made should not be the controlling factor (cf. People v Rodriguez, 11 NY2d 279, 284).
In the state of the law as it exists today this court perceives of no cogent reason why volunteered statements made after indictment should be treated any differently than such statements made after arraignment or after a lawyer has entered a criminal case.
For the foregoing reasons the motion to suppress the voluntary, unsolicited statement in this case is denied and it is so ordered.