The People of the State of New York, Respondent, v. Robert Meyer, Appellant.

First Department, October 10, 1961.

*Otto F. Fusco* for appellant.

*Irving Anolik* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* Defendant appeals from a judgment of the County Court, Bronx County, convicting him after trial of the crimes of robbery, first degree, petit larceny, and assault, second degree.

He was unequivocally identified by a gasoline station attendant as the young man who, accompanied by a girl, drove up to the station, produced a gun, told the witness to open the cash register, and took the contents. The attendant's testimony was unshaken on cross-examination. A detective testified that on the evening of his arrest defendant made certain statements that had very damaging implications, although they were not direct admissions of his guilt in so many words. The defense consisted of quite unimpressive alibi testimony.

At one stage of the trial the arresting detective testified to a discussion he had with defendant in an effort to persuade him to admit his guilt and identify the girl who had allegedly accompanied him to the site of the robbery. Defendant never did admit his guilt outright nor did he identify any girl as his accomplice. According to the detective, however, in the course of the questioning defendant virtually confessed his guilt by the tenor of his counterproposals. For example, at one point he said: '' Just assuming I did this though, I want to know what's going to happen? ''

When the Assistant District Attorney first sought to introduce this conversation between the detective and defendant, the latter's attorney elicited on *voir dire* examination that it took place after defendant had been arraigned in Magistrates' Court. The Assistant District Attorney retorted that defendant had not as yet been indicted when the questioning took place, and over the objection of defendant's counsel, the testimony was received.

The Assistant District Attorney evidently believed, as did the trial court, that admissions made by a defendant under questioning in the absence of counsel are barred only when procured after indictment. It is true that in each case cited by defense counsel in the course of his objection the admissions were obtained after an indictment had been filed (see in this regard *Spano* v. *New York,* 360 U. S. 315; *People* v. *Di Biasi,* 7 N Y 2d 544; *People* v. *Downs,* 8 N Y 2d 860). In the light of the most recent pronouncement by the Court of Appeals on this score (*People* v. *Waterman,* 9 N Y 2d 561), we do not believe that the fact that the challenged statements were made over a month before indictment, although after arraignment, upon the '' short affidavit '' of a detective based upon information received and investigation made, render them admissible. The appellant was already a defendant in a criminal action — at least in the sense that he was entitled to the assistance of counsel and protection against testimonial compulsion.

· The fact that the resultant prejudice may have been diluted by the proper admission into evidence of somewhat similar statements made by defendant prior to arraignment does not remit the error in the admission of the statements made after arraignment. The jury may have attached greater weight to admissions procured after he came under the protective mantle of a court.

Although we do not base reversal upon that ground, we must condemn certain unfair and inflammatory comments made by the prosecutor in the course of his summation. Such statements as "in a court of law there are many things the law doesn't permit you to tell a jury" are clearly improper.

The judgment of conviction should accordingly be reversed, on the law, and a new trial ordered.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and EAGER, JJ., concur.

Judgment of conviction unanimously reversed, on the law, and a new trial ordered.