Brooks TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 37139.

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Rehearing Denied Jan. 6, 1965.

Ralph Chambers, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The state's prosecuting witness, Gary Dale Hanks, operator of the Lindale Totem Drive-In Grocery located at 6618 Irvington in the city of Houston, testified that on the night of November 23, 1963, the appellant came into the store and bought a soda water. Appellant then took the soda water outside and when he returned with the bottle he produced a pistol, pointed it at the witness, and said: "This is a hold-up. Give me your money." The witness, being in fear of his life or serious bodily injury, gave appellant approximately $100 in currency and half-dollars. After the robbery, appellant put the money in his pocket, required the witness to go into a "walk-in cooler," and fled with a companion who had entered the store.

Appellant's written confession, made to Officer J. O. Parker following the arrest, was offered in evidence by the state, in which confession he admitted having committed the robbery.

Appellant objected to the introduction in evidence of the confession, on the ground that it was taken after indictment in the absence of counsel, in violation of the Fourteenth Amendment to the Constitution of the United States.

In the absence of the jury, testimony was presented which showed that appellant's confession was made after indictment, and at such time he did not have counsel present. No testimony was offered by appellant with reference to the voluntary nature of the confession. The court, after hearing the testimony, overruled appellant's objection to the confession and admitted it in evidence.

Proof was made by the state of the two prior alleged convictions.

Testifying as a witness in his own behalf, appellant denied having gone to the drive-in grocery on the night in question and robbing the prosecuting witness. Appellant further stated that his written confession was made under duress, by reason of bodily harm inflicted and threats made upon him by the officers.

Appellant's claim of bodily injury and threats by the officers was denied by Officer Parker, the person to whom the confession was made, and the issue as to the voluntary nature of the confession was submitted to the jury under appropriate instructions from the court.

Appellant's sole contention on appeal is that the court erred in admitting the confession in evidence, over his objection that it was taken after indictment in the absence of counsel, in violation of the Fourteenth Amendment to the Constitution of the United States.

In support of this contention, appellant relies upon certain decisions by courts of other jurisdictions, including the Supreme Court of the United States in Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

We have carefully reviewed the cases cited and conclude that under the facts here presented they are not controlling.

In Spano v. New York, supra, the confession was found, under the facts, to have been involuntary and the petitioner's conviction was not permitted to stand, under the Fourteenth Amendment. While four of the justices in two separate concurring opinions made reference to the denial of petitioner's request to consult with his counsel while being questioned, such denial was not the basis for the holding in the court's opinion.

It should be here pointed out that there is no proof that appellant made any request to confer with counsel or that coun-

sel be present when he made the confession.

Massiah v. United States, supra, was a prosecution in federal court, where it was held that incriminating statements of an accused, obtained by federal agents under the circumstances disclosed, by surreptitious means, could not be constitutionally used against him. In that case, federal agents, by use of a transmitter installed in the automobile of the petitioner's co-indictee, listened to a conversation between the two and testified in court to incriminating statements made by the petitioner.

No such facts are presented in the instant case.

The New York cases of People v. Waterman, 9 N.Y.2d 561, 216 N.Y.S.2d 70, 175 N.E.2d 445, and People v. Meyer, 14 A.D.2d 241, 220 N.Y.S.2d 438, cited by appellant, are not here applicable, because they dealt with the rights of an accused under certain constitutional provisions and statutes of that state.

Art. 727, Vernon's Ann.C.C.P., enacted by the legislature of this state, provides when a confession shall not be used, and contains no provision that it shall not be used when obtained in the absence of counsel for the accused.

Under the record here presented, the court did not err in admitting the confession in evidence. See: Lyles v. Beto, 5 Cir., 329 F.2d 332 (1964), which supports our conclusion herein.

The judgment is affirmed.

Opinion approved by the court.

MORRISON, Judge (concurring).

I concur in the affirmance of this conviction solely on the grounds that nowhere in appellant's testimony or elsewhere in the record do we find any reference to any request made by appellant to see any attorney or any evidence that he had employed an attorney or that he was too poor to employ one or that he had requested that one be appointed to represent him prior to the making of the confession. So far as this record is concerned, this appellant had no desire for the services of an attorney at the time he confessed. Were it not for these facts, I am convinced that under the holdings of the Supreme Court of the United States in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, supra, this conviction would be reversed.