**Nathaniel NIXON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39720.**

Court of Criminal Appeals of Texas.

Oct. 5, 1966.

Ogg, Merrill & Turner, by Joe E. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Presiding Judge.

The offense is Assault to Murder; the punishment, twenty-five years in the Texas Department of Corrections.

The record reflects that Mr. and Mrs. Eddie Rogers had experienced a burglary at their residence on the night of June 6, 1964, and that Mrs. Rogers was awakened the following night by a noise, and saw someone outside a bedroom window. She awakened her husband, who, carrying a pistol, went to the window and noted that the screen had been removed. Mr. Rogers remained by the window, and presently he saw an unidentified figure place his hands on the window and raise up on it, at which time Mr. Rogers shot the intruder and was himself wounded by a blast from a shotgun.

An initial investigation of the area by the police failed to reveal who the intruder was.

The following morning, Officer Mayo of the Houston Police Department received a dispatch to go to a designated address because a man was in a car there and appeared to be shot. When the officer arrived at the address, he found appellant in an automobile, with what appeared to be a gunshot wound in the forehead. When asked what had happened, appellant admitted that he

had shot someone in the Rogers home during the preceding night, and he later directed the officers to where they found the shotgun used in the shooting.

■ The evidence is sufficient to sustain the conviction.

Appellant challenges the admissibility of two oral statements made by him to police officers, which statements were admitted into evidence at the conclusion of hearings conducted by the trial court out of the presence of the jury.

■ The first statement, in which appellant admitted shooting someone in the Rogers house, was made to Officer Mayo who was making a general investigation of the fact that someone (appellant) had been shot. From the facts as found by the trial court at the hearing, the officer was not investigating any criminal act committed by appellant, and appellant was not under arrest at the time he made the statement. Article 727, Vernon's Ann.C.C.P., 1925, in effect at the time of appellant's trial, is not applicable to statements made by one not under arrest. We find no error in the admission of the statement into evidence. Glass v. State, Tex.Cr.App., 402 S.W.2d 173.

■ Appellant's second oral statement was made to Officer Scott of the Houston Police Department later in the day when he was definitely under arrest, however, the record reveals that appellant's statement led directly to the recovery of the shotgun used in the commission of the offense, and the statement is therefore not rendered inadmissible by Article 727, C.C.P., 1925.

■ Appellant contends that the statement made to Officer Scott is nevertheless inadmissible because he had no benefit of counsel at the time he made the statement, nor had he intelligently waived such right. The trial court's findings of fact recite that appellant made no request for counsel prior to the making of the statement. Miranda v. State of Arizona, June 13, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, which

held that the failure to request counsel does not constitute waiver of the right to counsel, is not applicable to those trials beginning prior to June 13, 1966. Johnson v. State of New Jersey, June 20, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Under the decisions of this Court at the time of appellant's trial, there is no showing that appellant was denied the right to counsel. Young v. State, Tex.Cr.App., 398 S.W.2d 572; Sykes v. State, Tex.Cr.App., 396 S.W.2d 887.

The judgment is affirmed.