**Kenneth Ray BURLESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39795.**

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

Rehearing Denied Jan. 18, 1967.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Floyd, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

McDONALD, Judge.

The offense is robbery by assault; the punishment, 10 years confinement in the Texas Department of Corrections.

Notice of appeal was given on September 3, 1965.

The record reflects that on the night of January 13, 1965, Wayne Reed was working in a Seven-Eleven store in the city of Houston. William Edmunds, a customer, was present when three men entered the store. At gun point they took $57.00 from Reed and forced him and Edmunds into the store's refrigerator vault. A short while later a Mr. Thompson came into the store. He saw the three men in the store and went back outside where he stayed until he saw them leave. He went back into the store and released the two men in the vault. Edmunds and Thompson identified one of the three men who robbed the store as Kenneth Ray Burleson, the appellant. On January 26, 1965, appellant was arrested by police officers, to whom he gave a written statement admitting his participation in the offense committed on January 18th. We find the evidence sufficient to sustain the jury's verdict.

Appellant's sole contention is that the trial judge committed reversible error in refusing a requested charge to the jury. The requested charge sought to instruct the jury to decide whether or not appellant had been fully advised of his constitutional right to have counsel present prior to his making the aforementioned statement, and further that the jury should decide whether he freely and voluntarily waived his constitutional right to counsel before it could consider the statement as evidence.

During the course of the trial appellant's attorney requested, and was granted, a hearing outside the presence of the jury on the voluntary nature of the confession. During this hearing the trial judge heard testimony from the state and from appellant and concluded that as a matter of law and beyond a reasonable doubt none of appellant's constitutional rights had been violated. The statement was admitted into evidence. This confession contained the proper statutory warning, including the statement: "That I have a right to consult an attorney, which right I hereby waive." The appellant then testified in the presence of the jury that the confession he made was involuntary. The state again rebutted this testimony by its witnesses as it had previously done outside the presence of the jury.

Issue having been made, the trial judge instructed the jury as follows:

"If you believe from the evidence that the defendant made the statement of confession which has been introduced in evidence by the state, and that he signed same, and before making the statement he had been warned that he did not have to make any statement at all, that he had a right to consult with an attorney, and that any statement made by him must be free and voluntary on his part and could be used against him as evidence on the trial of the case or cases concerning which the statement is made, and that he signed

the statement knowing the contents thereof, then you may consider said statement with the other evidence, if any, before you in arriving at your verdict.

However, if you believe or have a reasonable doubt thereof, as of any of the above matters, that the defendant made said statement through fear, or because of any threats that might have been made against him to do violence to him, or because of any promises of immunity made to him, then you will not consider said statement for any purpose."

Appellant relies upon the cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, and Turner v. State, Tex. Cr.App., 384 S.W.2d 879, to support his contention. We do not find in any of these cases any basis for appellant's contention that a defendant has the right to have a jury pass on the issue of whether or not he voluntarily waived his right to counsel.

Though he does not cite it as authority for his contention, it appears that the rules set out in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 are sought to be applied by appellant in this case. Miranda, supra, is only applicable to cases arising after the date of that decision, June 13, 1966, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, granting that it lent support to appellant's contention, which we fail to perceive.

The trial judge instructed the jury on all issues concerning the voluntariness of appellant's statement, following the suggested requirements of Lopez v. State, Tex.Cr. App., 384 S.W.2d 345. The issue was decided against appellant.

Finding no reversible error, the judgment is affirmed.