**Jimmie L. PEARSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40218.**

Court of Criminal Appeals of Texas.

March 29, 1967.

Rehearing Denied May 24, 1967.

Fred D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert Stinson, John H. Stauffer and Kerry P. Fitzgerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery By Assault; the punishment, 20 years confinement in the Texas Department of Corrections.

John D. Montgomery testified he was assaulted and robbed of $1,200.00 by four (4) Negro boys at 10:10 P.M. on March 5, 1966 immediately after he had closed his Dallas County liquor store. He spent two weeks in the hospital as a result of the injuries received. He was unable to identify any of his assailants though he had seen the appellant in his store on several occasions.

The appellant's written confession was admitted into evidence after the trial judge, in absence of the jury, found the confession voluntary and resolved the conflicting factual disputes in accordance with the procedure recommended by this court in Lopez v. State, 384 S.W.2d 345.

The issue of voluntariness of the confession subsequently raised was properly submitted to the jury in the court's charge.

Both of appellant's grounds of error relate to the admissibility of his confession and shall be discussed together. He first contends that his warrantless arrest was without probable cause. Appellant was arrested shorty after midnight on April, 5, 1966, at his place of employment by a Dallas city policeman. Officer G. F. Rose testified he had been investigating the robbery in question for approximately a month, and a few minutes before the arrest learned for the first time of the whereabouts of the appellant. He related he arrested the appellant for the robbery after a brief period of questioning, and within twenty-three (23) minutes thereafter took the appellant before a magistrate. The record reveals that the magistrate carefully complied with the provisions of Article 15.17 Vernon's Ann., C.C.P., including advice as to his right to retained or appointed counsel. The appellant was further offered the opportunity to use the telephone, which he declined.

On April 7, 1966, the appellant while still in custody gave the written confession after he had again been warned by the officer taking the statement in accordance with the provisions of Article 38.22, C.C.P., and again advised of his right to counsel.

The testimony relating to probable cause for the arrest was not fully developed but we need not determine whether probable cause existed for the warrantless arrest. We have concluded that even if appellant's arrest was illegal under the circumstances of this case, the confession is not rendered inadmissible. In its brief, the State points out that on many occasions this court has held that it is the illegal detention and not an illegal arrest which vitiates a confession. See Hughes v. State, Tex.Cr.App., 409 S.W.2d 416; Dugger v. State, Tex.Cr.App., 402 S.W.2d 178; Ward v. State, Tex.Cr.App., 399 S.W.2d 567; Garza v. State, Tex.Cr.App., 397 S.W.2d 847; Benitez v. State, Tex.Cr.App., 377 S.W.2d 651; Smith v. State, 171 Tex.Cr.R. 313, 350 S.W.2d 344; Head v. State, 160 Tex.Cr.R. 42, 267 S.W. 2d 419.

■ It is true that an illegal arrest, may under certain circumstances, vitiate a confession, particularly an incriminating verbal statement made contemporaneous with the unlawful arrest where surrounding conditions and circumstances show the statement not to be an act of a wholly free will. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

This does not mean that every confession which follows an illegal arrest is ipso facto inadmissible, Lacefield v. State, Tex.Cr.App., 412 S.W.2d 906; Hollingsworth v. United States, 321 F.2d 342, 350-351 (10th Cir.); Burke v. United States, 328 F.2d 399, 402-403 (1st Cir.), affirming D.C., 215 F.Supp. 508-511; United States v. McCarthy, D.C., 249 F.Supp. 199; State v. Kitashiro (Hawaii) 397 P.2d 558.

■ Even if it be conceded that appellant's arrest was illegal, the State has

shown by clear and convincing evidence that the connection between the arrest and the statement had become so attenuated as to dissipate the taint. The appellant was taken within twenty-three (23) minutes after arrest before a magistrate where he was informed of his constitutional rights and afforded an effective opportunity to obtain the assistance of counsel. While mere passage of time alone will not dissipate the taint of an unlawful arrest, the record reflects that almost two (2) days elapsed after his arrest and appearance before the magistrate before the confession was given subsequent to a second warning by the police officer. The record does not demonstrate that defendant was held incommunicado for an extended period of time, denied food or drink, or critically deprived of his capacity for self determination.

■ Appellant next contends that the warnings given to him of his constitutional rights did not meet the test laid down by the United States Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, for such warnings, and that the State has not sustained its burden of showing an affirmative waiver of such rights. Be that as it may, it is observed that this trial commenced on May 23, 1966, and Miranda v. State of Arizona, supra, is applicable only to cases commencing after June 13, 1966. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Burleson v. State, Tex.Cr.App., 409 S.W.2d 855; Nixon v. State, Tex.Cr.App., 406 S.W.2d 445.

Appellant's claims that he gave the confession upon a promise of probation and that he requested and was refused counsel, etc., were decided contrary to his contentions by the trial judge when he found the confession voluntary and by the verdict of the jury.

Finding no reversible error, the judgment is affirmed.